Argued February 9, appeal dismissed April 5, 1927.

## STATE v. JAMES YARDE.

(254 Pac. 798.)

**Criminal Law—Supreme Court's Authority to Hear and Determine Appeals Depends on Organic and Statutory Laws.**

1. The authority of the Supreme Court to hear and determine a cause on appeal depends on organic and statutory laws.

**Criminal Law—Without Jurisdiction of Subject Matter of Appeal, Supreme Court cannot Properly Determine Any Question in Case.**

2. Supreme Court cannot properly consider or determine any question in case where it has no jurisdiction of the subject matter of the appeal.

**Criminal Law—Prohibition Act Does not Permit State to Appeal from Judgment of Acquittal (Laws 1915, p. 167, § 34).**

3. There is no provision in the Prohibition Act (Laws 1923, p. 45) which permits the state to appeal from a judgment of acquittal; power of appeal granted to the state under Act of 1915, page 167, Section 34 (Or. L., § 2224—59), not being read into the act of 1923.

---

Arrest, 5 C. J., p. 399, n. 78, p. 417, n. 1, 4, 5, p. 427, n. 11, 12, 13. Criminal Law, 17 C. J., p. 21, n. 75, p. 23, n. 95, p. 46, n. 85. Intoxicating Liquors, 33 C. J., p. 800, n. 94. Statutes, 36 Cyc., p. 1147, n. 28, 30.

---

From Washington: GEORGE R. BAGLEY, Judge.

Department 2.

This is an appeal by the state from a judgment entered upon a verdict by jury directed by the court.
AFFIRMED.

For appellant there was a brief over the names of *Mr. E. B. Tongue,* District Attorney, and *Mr. Paul L. Patterson,* with an oral argument by *Mr. Tongue.*

For respondent there was a brief over the name of *Messrs. Hare, McAlear & Peters,* with an oral argument by *Mr. R. F. Peters.*

---

2. See 1 R. C. L. 27.

BROWN, J.—Albert McFarland was an agent appointed by the prohibition commissioner under the provisions of Chapter 228, General Law of Oregon 1925. That act confers upon the commissioner and all agents appointed thereunder the authority of peace officers within the State of Oregon, and imposes upon them the duty "to diligently enforce the laws of this state having to do with the prohibition of the liquor traffic." James Yarde, defendant herein, occupied a dwelling-house on a small tract of land in Washington County, Oregon, about fifteen miles distant from Portland. On the evening of November 18, 1925, the agent, having previously obtained information that a still was being operated in the basement of the defendant's dwelling, and that liquor was being there manufactured and sold, drove to the residence of the defendant accompanied by his informant. Being an experienced "dry" officer, and possessing a well-developed sense of smell, the agent detected the odor of mash on approaching the dwelling. The door was opened by a little child of the defendant about 11 years of age, who informed him that her father was in Portland. Guided by the sense of smell, he entered the basement of the house, where he found a still and about 100 gallons of mash. He failed to seize either the mash or the still, but left the premises and returned later with the sheriff. Thereupon the defendant, who had arrived in the meantime, was arrested by the officers, who seized and carried away the still and destroyed the mash. Later, the defendant was indicted by the grand jury of Washington County.

In the transcript before us we find three indictments: Number 1, for the selling of intoxicating

liquor. Number 2, for the unlawful possession of mash, wort and wash, fit for distillation. Number 3, for the unlawful operation of a distillery for the purpose of manufacturing intoxicating liquor for beverage purposes. The defendant was tried upon the indictment charging him with the unlawful possession of mash, wort and wash, and was acquitted by direction of the court. This indictment was drafted under the provisions of Chapter 30, General Laws of Oregon, 1923, which, with certain exceptions, makes the possession of any mash, wort or wash, fit for distillation, a felony. The act prohibits the operation of any distillery for the purpose of manufacturing intoxicating liquor for beverage purposes, and denounces as a felony the violation of such prohibition. Under the act, any still possessed in violation thereof, and any mash, wort or wash, fit for distillation, are declared to be nuisances and subject to seizure when found by any officer "charged with the enforcement of the law." Section 10 of the act further provides, among other things:

"Such officer shall destroy all such mash, wort, wash, materials and products, except such as he shall deem necessary to preserve as evidence, and shall seize, remove, and retain in his possession all such stills * * and other appliances, and shall make return of such seizure to any magistrate within whose territorial jurisdiction such seizure has been made. The officer making the seizure shall safely keep the seized property until the hearing and dispose of the same in accordance with the order of the court then made. * * The court to which said return is made shall have jurisdiction to try the question as to whether said seized property was, at the time of said seizure, being kept or used in violation of this act."

At the conclusion of the case made by the state, the court instructed the jury as follows:

"Ladies and Gentlemen of the Jury: This is a case in which an application has been previously made to suppress testimony obtained by reason of an illegal search and seizure. Upon that application the court rules that the search was illegal and therefore that the evidence obtained by reason thereof could not be used in the trial of the case. The proceeding had is more for the purpose of making a record so that the state may take advantage of an appeal if it desires. There being no evidence for you to determine in this case, it being all suppressed, there can be but one verdict and that is of not guilty, and the court is directing a verdict of not guilty in favor of the defendant."

The state asserts that the court erred in sustaining the defendant's application for suppression of the testimony, and in sustaining his objection to the introduction of evidence relating to the still and mash.

In the cause at issue, at the time of the officer's entry into the basement of the Yarde dwelling-house, he knew, or had good reason to know, that a felony was being committed therein. While the defendant was not personally present, his handiwork was much in evidence. Under the statute, the distillery was deemed to be his and in his possession. His mash was industriously at work producing intoxicating liquor. This being established, it is essential to keep in mind that the possession of mash, as alleged in the indictment, constitutes a felony; that the possession and operation of an unregistered still is denounced as a felony; that the mash and the still are declared by the statute to be nuisances; and that the act imposed upon the officer the duty to seize the things constituting the nuisances. It was the duty of the officer to

seize the still and mash, whether he accomplished the arrest of their possessor or not. This he did, after the defendant arrived on the scene.

That a search-warrant is not required in order to justify an officer in entering a building where he has reasonable grounds to believe a felony is being committed has been recognized from time immemorial: 2 R. C. L. 476; 5 C. J. 416, 417; *McCaslin* v. *McCord,* 116 Tenn. 693 (94 S. W. 79, 8 Ann. Cas. 245, and note). See note, 5 A. L. R. 263. In the case of *Commonwealth* v. *Phelps,* 209 Mass. 396, 407 (95 N. E. 869, Ann. Cas. 1912B, 566), the Supreme Court of Massachusetts says:

"An officer who has the right to arrest without a warrant because he suspects on reasonable grounds that the defendant has committed a felony, has a right to break open doors. That may be taken to be settled now. 4 Bl. Com. 292; 1 Hale P. C. 588; 2 Hale P. C. 94; *Semayne's Case,* 5 Co. 91 a * * . See, also, Foster's Crown Law, 321; 2 Hawk. P. C., e. 14, § 7."

A well-known authority on criminal law and procedure thus states the accepted doctrine:

"A constable or peace officer may, on reasonable suspicion and without warrant, break open doors; and he has this additional protection, that it is his duty in the case of a felony being committed, so to act. Certainly, if he has reason to believe a felony or an affray is impending, he has a right to break into a house to prevent it." 1 Wharton's Criminal Procedure (10 ed.), § 51.

We are satisfied that the prohibition agent had the right to enter the basement that had been transformed into a distillery and seize the articles constituting the nuisance.

1, 2. A question of jurisdiction confronts this court, notwithstanding our authority to hear and de-

termine the instant case has not been challenged. The authority of this court to hear and determine a cause upon appeal depends upon the organic and statutory laws of the state. If the court has no jurisdiction of the subject matter of the appeal, it cannot properly consider any question raised in the case. In *Defiance Water Co.* v. *Defiance,* 191 U. S. 184 (48 L. Ed. 140, 24 Sup. Ct. Rep. 63), the Supreme Court of the United States thus states the law on the question of jurisdiction:

"The fundamental question of jurisdiction, first, of this court, and then of the court from which the record comes, presents itself on every writ of error or appeal, and must be answered by the court, whether propounded by counsel or not."

Section 34 of Chapter 141, Laws of 1915, codified as Section 2224—59, Or. L., and commonly known as the Prohibition Act, authorizes the state to appeal to the Supreme Court from a judgment of the Circuit Court "in all cases arising under this act, * * for the purpose of determining questions of law, but not for the purpose of obtaining a new trial." See *State* v. *Hamilton,* 80 Or. 562 (157 Pac. 796); *State* v. *Williams,* 117 Or. 238 (243 Pac. 563); *State* v. *De Ford,* 120 Or. 444 (250 Pac. 220). That a right of appeal must be conferred by law is elementary, and we deem unnecessary the citation of authority in support of this well-established proposition.

3. We can find no provision in the act under consideration permitting the state to appeal from a judgment of acquittal. While all laws that have been enacted by the legislative assembly for the enforcement of prohibition should be construed together, this does not authorize us to write into Chapter 30, Gen-

eral Laws of Oregon 1923, the power to hear this cause on appeal. In other words, the power to appeal granted to the state under this section of the Prohibition Act of 1915 cannot by construction be read into the act of 1923. However, since the case is here, we have deemed it fitting to make the observations above noted, although academic in nature.

The appeal is dismissed. APPEAL DISMISSED.

BURNETT, C. J., and McBRIDE and BEAN, JJ., concur.