Submitted on motion June 5, allowed June 21, appeal dismissed
December 27, 1956 (no opinion)

# STATE OF OREGON *v.* SHERWOOD

298 P. 2d 842

Earl Sherwood, in pro. per. for the petition.

PER CURIAM.

MOTION ALLOWED. ALL OTHER MOTIONS DENIED.

██ In 1949 Earl Sherwood was convicted of the crime of assault with intent to rob and was sentenced to the Oregon State Penitentiary where he is now confined. On 27 May 1955 he filed a petition for a "Writ of Error Coram Nobis". The petition was improperly entitled *"Carl Sherwood, petitioner, vs. Jackson County Circuit Court"*. Relief in the nature of coram nobis is not to be obtained by the employment of the ancient writ. Relief, when authorized, is to be sought by a motion in the criminal case wherein the conviction was had. *State v. Huffman,* 207 Or 372, 297 P2d 831, and cases cited. Such a motion should be entitled in the original case. Since the defendant Sherwood was apparently acting without counsel and was seeking relief by procedure in the nature of coram nobis on account of alleged or purported violation of constitutional right, we will amend the title to the proceeding as above indicated and treat the case as a motion filed in the case of *State v. Sherwood.* His motion was denied on the ground that the circuit court was without jurisdiction, the decision having been rendered prior to our decision in *State v. Huffman,* supra. Defendant Sherwood has appealed.

█ The short transcript and judgment roll were filed on 14 May 1956. The case is before us for decision, subject however, to the presentation of briefs by the

defendant and by the state. No other papers or documents are required for the presentation of the sole question at issue, which is whether the trial court had jurisdiction to consider the case on the merits.

In this court and cause the defendant Sherwood has filed one motion written with a pencil in longhand, and fifteen typewritten motions. Notwithstanding the irregularities, we have directed that the motions be filed. They are before us for decision.

Insofar as the motions seek relief from the requirement that the brief, if he desires to file one, must be printed, his request is allowed, and he will be permitted to file his brief in typewritten form by reason of his alleged impecunious condition.

In view of the fact that the only issue raised by this appeal relates to the question of jurisdiction of the circuit court, all other motions filed herein are denied. We have no reason to believe that the warden of the penitentiary will refuse to permit the preparation, service and filing of a brief on that issue or that he will refuse to permit the defendant to confer with an attorney concerning the issue raised. Defendant may have 30 days from date on which to serve and file a brief.