Submitted on briefs July 2, reversed August 8, former opinion
withdrawn, dismissed November 13, 1958

## STATE OF OREGON *v.* SHERWOOD
328 P. 2d 774
332 P. 2d 96

See also, 209 Or. 178, 298 P.2d 842.

Earl Sherwood, appellant in pro. per.

Robert Y. Thornton, Attorney General, and Peter S. Herman, Assistant Attorney General, Salem, for respondent.

SLOAN, J.

This proceeding was initiated when the defendant presented to the trial court a pleading designated "Defendant's Motion to Vacate Judgment, Sentence and Information in the Nature of Coram Nobis." The grounds specified by him which are pertinent to our inquiry are as follows:

"(1) The Order Waiver and Presentment of Indictment filed September 8, 1949, is a false document filed without the knowledge, consent or any participation of the defendant at a time and date when the defendant was not before the Court.

"(2) The Waiver Arraignment and Plea filed September 8, 1949, is a false document filed without the knowledge, consent or any participation of the defendant at a time and date when the defendant was not before the Court."

This pleading was one of a series of similar motions and affidavits filed in the lower court and here. A drastically condensed version of the voluminous pleadings discloses defendant was arrested on the streets of Ashland on September 3, 1949; was confined in the jail there until September 8, 1949, during which time he sought and was denied any opportunity to talk to an attorney; was transferred to the county jail in Medford September 8, 1949; was there held until

September 20, 1949, likewise incommunicado. The crucial allegation, for our immediate purpose, is that he was not formally present before the court on September 8, 1949, and was only present in the court on September 20, 1949, when sentence was imposed. He claims no opportunity was afforded him to be represented by or advise with an attorney. He was sentenced to a term of 12 years and removed to the penitentiary September 27, 1949. He attempts to explain his long delay in asserting his rights by stating he was denied the opportunity to obtain a copy of the record in the circuit court until September, 1956.

In response to this "Motion" the trial court entered a memorandum opinion declining to hear the motion and, in effect, refusing jurisdiction upon the ground that defendant was possessed of another and exclusive remedy in the form of habeas corpus. In so doing the court relied upon *Huffman v. Alexander,* 197 Or 283, 251 P2d 87, rehearing denied 253 P2d 289, and on *State v. Huffman,* 207 Or 372, 297 P2d 831.

We are, therefore, confronted primarily with a factual situation. If the facts are ultimately determined to be as so alleged defendant's constitutional rights have been violated. *Johnson v. Zerbst,* 304 US 458, 82 L ed 1461, 58 S Ct 1019, 146 ALR 357; Oregon Constitution Art VII, § 18, provides that a person may waive the right to indictment if that "person *appear* before any judge of the circuit court  *  *  *." (Italics ours.)

The problem present here is the procedural course available or proper to determine such facts. This basically involves an interpretation of the two recent Huffman cases, just cited. In these two opinions Justice BRAND, speaking for the majority, explored fully the inner and outer reaches of the writs of

habeas corpus and coram nobis. It is to be recalled that this motion is, by title affixed thereto by the defendant, labeled in the nature of coram nobis. For reasons later appearing we are treating this as a motion to correct the record.

In attempting to reach a conclusion we are confronted with the Order of Waiver and Presentment of Indictment and Waiver, Arraignment and Plea as entered in the original proceedings. Each of these documents asserts the defendant appeared on September 8, 1944, "in person and by ——, his attorney." Each also recites that the defendant did, in open court, waive presentment to and indictment by a grand jury. The latter document also recites the defendant entered a plea of guilty on that date and "said matter was continued for F. B. I. record." It is immediately apparent that defendant's charges directly contradict these judicial records. As previously noted he claims he was not in court on that day. In *Huffman v. Alexander,* supra, at page 317, it is held "* * * as a general rule, recitals in the judicial record, showing what was said and done *in the court* import absolute verity, and therefore cannot be collaterally attacked in habeas corpus. * * * if the judicial record does not correctly state what occurred in court, the remedy is by motion to correct the record. [Citing cases.]" (Italics ours.)

■ By this decision, together with the opinion in *State v. Huffman,* supra, this court left no doubt that a circuit court of this state has jurisdiction to entertain a motion to review and correct the record of a prior conviction or plea of guilty in that court if: (1) the purpose thereof is to determine whether constitutional requirements or limitations have been violated and (2) the alleged violation is in contradiction of the

recitations in that record. The interpretive considera-
tion given these cases in *Anderson v. Britton*, 212 Or
1, 318 P2d 291 reaches the same conclusion.

■ We hold that the court shall assume jurisdiction
of this motion and require an answer from the state.
It will be within the court's prerogative to determine
the necessity of a hearing requiring the presence of the
defendant. The method of the exercise of this juris-
diction is within the province of the trial court. *State
v. Huffman,* supra at 418 Or. If the written record and
proof submitted by the answer leave doubt the denial
of right to hearing should be exercised with caution.
A reference to recent decisions of the Supreme Court
of the United States will disclose the reason therefor.
*Pennsylvania v. Claudy,* 350 US 116, 100 L ed 126, 76
S Ct 223; *Marino v. Ragen,* 332 US 561, 92 L ed 170,
68 S Ct 240; and also *Daugharty v. Gladden,* U. S.
Court of Appeals, 9th Circuit, decided June 20, 1958,
257 F2d 750.

Other claims are made by defendant which we have
not considered. These are exclusively for the trial
court to consider. Upon reconsideration the court can
examine the merits of these as well as the two men-
tioned. We do not express any opinion as to the
merits of any of defendant's claims.

Comment is required upon the brief filed here by
this defendant. Its legal arguments are well prepared
and the analysis of the law adequate. However, the
attacks made upon the trial court are unwarranted,
improper and scurrilous. Let it be understood by any
person who considers such matter to be acceptable
in such a brief, or who might refer to the one filed
here as a model that any subsequent brief submitted

to this court containing similar attacks shall be forthwith stricken.

PERRY, C.J., did not participate in this decision.

See also, 209 Or. 178, 298 P.2d 842.

ON RESPONDENT'S PETITION FOR REHEARING

Former opinion filed August 8, 1958.

Robert Y. Thornton, Attorney General, and Peter S. Herman, Assistant Attorney General, Salem, for the petition.

SLOAN, J.

The state has petitioned for rehearing. We have withheld decision pending the determination of *State v. Endsley,* decided November 5, 1958, 214 Or 537, 331 P2d 338. The Endsley case provided this court its first opportunity to consider the appealability of an order allowing or denying a motion in the nature of coram nobis " 'after full presentation by adverse parties.' " That case decisively holds that this court has no present jurisdiction to consider such an appeal.

■ In the instant case neither of the parties raised the issue of the jurisdiction of this court, either upon the appeal or petition for rehearing. We now conclude that we should consider this question upon our own motion.

■ Our original opinion in this case recited that the instant proceeding was initiated when defendant filed a motion in the nature of coram nobis. The parties and the trial court treated the proceeding as in the nature of coram nobis. However, for the reasons stated in our opinion we considered defendant's motion as one to correct the record. We now mention this distinction only to eliminate any confusion that may have been created by this difference in the label applied to the motion. We hold the Endsley case is equally decisive as to the lack of the jurisdiction of this court to consider an appeal from an order allowing or denying either a motion to correct the record or in the nature of coram nobis.

We must, therefore, decline any consideration of the questions presented by the petition for rehearing.

The former opinion is withdrawn and the appeal dismissed.