ESTATE OF E. J. LUDINGTON, DECEASED, THE STATE OF MONTANA AND THE STATE BOARD OF EQUALIZATION, ETC., PLAINTIFFS AND APPELLANTS, *v.* L. H. LUDINGTON, EXECUTOR OF THE ESTATE, DEFENDANT AND RESPONDENT.

No. 9665.

333 Pac. (2d) 873.

Submitted July 1, 1958. Decided Dec. 10, 1958.

Arnold H. Olsen, Atty. Gen., Wm. F. Crowley, Asst. Gen.,
H. O. Vralsted, Special Asst. Atty. Gen., H. J. Pinsoneault,
Asst. Tax Counsel, Missoula, H. O. Vralsted, Spec. Asst. Atty.
Gen., argued orally, for appellants.

Brattin & Habedank, Sidney, Wayne K. Cumming, Sidney,
argued orally, for respondent.

MR. JUSTICE ANGSTMAN:

This is an appeal by the State Board of Equalization and
the State of Montana from an order determining inheritance
tax.

Sometime prior to May 3, 1949, the deceased made a gift
of $10,000 to his daughter, Lois E. Houchen. On April 14,
1951, the decedent executed a satisfaction of mortgage and
delivered it to his son, Merrill E. Ludington, which satisfaction
was recorded on April 16, 1951, and which mortgage was dated

July 9, 1945, and represented an indebtedness due from M. E. Ludington to his father, E. J. Ludington, in the sum of $6,800. On May 4, 1954, E. J. Ludington died, then of the age of 72 years. He left on estate of approximately $77,000. The controversy here is whether the $10,000 item and the $6,800 item should be included in his estate for the purpose of inheritance taxes. The court ruled that they should not be included and held that they were not made in contemplation of death. In the will of the decedent it is provided:

"My son, M. E. Ludington of Billings, Montana, now owes me various sums of money. I direct that all debts due me or my estate from said son shall be cancelled and that said M. E. Ludington shall take nothing from my estate other than the cancellation of said debts."

With reference to the $10,000 item the will provided:

"I have paid to my daughter, Lois Esther Houchen of Fairview, Montana, the sum of Ten Thousand Dollars, in full settlement of her rights as an heir to share in my estate, whatever the same might have been or might be at the time of my death, and I direct that said Lois Esther Houchen shall take nothing whatsoever from my said estate."

The State of Montana and the State Board of Equalization contend that the transfers in question here were made in contemplation of death and hence were taxable under sections 91-4401 and 91-4402, R.C.M. 1947. It is to be noted that under section 91-4402 every transfer made within three years prior to the death of the grantor of a material part of his estate and without a fair consideration in money or money's worth shall, unless shown to the contrary, be deemed to have been made in contemplation of death. The effect of that statute is to place the burden of proof upon the transferee to overcome the presumption that the gift was made in contemplation of death if the transfer was made within three years prior to the death of the donor. Under the statute, if a gift were made more than three years prior to the death of the grantor, the burden of proof is upon the State or the State

Board of Equalization to show that in fact the gift was made in contemplation of death. It should be noted that while the will refers to these gifts they were completed and the property actually transferred more than three years before the death of the testator, and the gifts were completed before the will was made and the transfers did not depend at all upon the will. The record discloses that at the time these transfers were made the donor was in good health. When the daughter received the gift of $10,000, she was seeking a loan rather than a gift but was informed by her father that he was through making loans to the family and preferred to make an outright gift. It seems that the gratification of the desire on the part of the donor to make his children more competent financially was the impelling motive of the transfers rather than any thought of death and came within the rules announced in United States v. Wells, 283 U.S. 102, 51 S. Ct. 446, 75 L. Ed. 867, and which we followed in In re Warren's Estate, 128 Mont. 395, 275 Pac. (2d) 843, and in the recent case of Estate of Keating, 134 Mont. 372, 332 Pac. (2d) 96.

Appellants contend that the donees did not testify that the gifts were not made in contemplation of death. However that would have been a mere conclusion of law. They did testify to the facts concerning the making of the gifts and we hold that the court did not err in finding that the gifts were not made in contemplation of death within the meaning of section 91-4402. As above noted the burden of proof rested upon appellants to show that the gifts were in fact made in contemplation of death and this burden was not sustained by them. The only effect of the mention of these gifts in the will was to explain why the decedent did not give more to his son and daughter and to show that they were not overlooked. The transferees took nothing by virtue of the wills; the gifts had been made before the will was made and had been completed and the transfers vested title to the property in the donees without reference to the will.

We find nothing in the case of In re Wadsworth's Estate,

92 Mont. 135, 11 Pac. (2d) 788, so strongly relied on by appellants, which militates against the trial court's holding here. Counsel for the State rely also upon 61 C.J., section 2456, page 1653, where it is said: "Where decedent is the creditor, the remission or forgiveness of the debt by will is usually regarded as a legacy or bequest and taxable as such." See also 85 C.J.S. Taxation, section 1144.

That principle of law has no application here. Here the forgiveness of the debt was not made by will but was made by a duly executed and recorded satisfaction of the mortgage made and recorded more than three years prior to the death of the decedent. It follows that the order appealed from must be and is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICE CASTLES, concur.

MR. JUSTICES BOTTOMLY and ADAIR:

We dissent.

E. J. Ludington died on May 4, 1954. At the time of his death, E. J. Ludington was of the age of 72 years.

On April 16, 1951, the decedent had filed a satisfaction of mortgage. The mortgage represented an indebtedness due to decedent from his son in the amount of $6,800. The satisfaction was given without any consideration passing, and was a gift from the decedent to his son. On May 3, 1949, the decedent gave his daughter $10,000. When the petition to determine inheritance tax was filed, neither gift was included for tax purposes. The State Board of Equalization objected to such omissions. They asserted that the gifts were made in contemplation of death within the provisions of section 91-4402, R.C.M. 1947. Since both gifts were fully completed more than three years prior to the death of the decedent, the burden of proving that the gifts were made in contemplation of death rested on the State. To support their contentions, the State introduced the will of the decedent. Therein are contained two paragraphs re-

lating to these gifts. With regard to the son's gift, the will had this to say:

"My son, M. E. Ludington of Billings, Montana, now owes me various sums of money. I direct that all debts due me or my estate from said son shall be cancelled and that said M. E. Ludington shall take nothing from my estate other than the cancellation of said debts."

With regard to the daughter's gift, the will provides the following:

"I have paid to my daughter, Lois Esther Houchen of Fairview, Montana, the sum of Ten Thousand Dollars, in full settlement of her rights as an heir to share in my estate, whatever the same might have been or might be at the time of my death, and I direct that said Lois Esther Houchen shall take nothing whatsoever from my said estate."

In the son's case the gift was not made by will, the will was drawn before the satisfaction of mortgage was filed, but the satisfaction of mortgage was filed some three years prior to the death of the decedent.

The will of the decedent in this case expresses the decedent's *motives* which inspired the gifts. No other motives for the gifts were brought out at the hearing.

The daughter testified to the circumstances of her gift as follows:

"Q. Did you request a loan from your father first? A. Yes.

"Q. What did he tell you? A. No.

"Q. And you thereafter received the money? A. Yes.

"Q. Were you informed as to what would happen after you received this ten thousand dollars? A. Yes.

"Q. What was that? A. That was my share of the estate."

It is obvious from the will that the gift to the son was also his share of the estate.

From the will and the testimony of the daughter, the conclusion is inescapable that the gifts were made in place of or instead of devises or bequests under the will. The transfers were made as a result of the choice of the donees. They could

take the gifts, *if they did not take under the will.* The gifts were in lieu of what they would otherwise receive under the will. No other conclusion is possible from the evidence introduced. This is admitted in the brief of respondent. Unless we are to specifically overrule the case of In re Wadsworth's Estate, 92 Mont. 135, 11 Pac. (2d) 788, we must hold that such substitutes for testamentary dispositions are taxable. *The gifts were made instead of testamentary dispositions;* that this was the decedent's motive is obvious from the statements in the will of the decedent himself.

In United States v. Wells, 283 U. S. 102, 116, 117, 118, 51 S. Ct. 446, 451, 75 L. Ed. 867, Chief Justice Hughes, speaking for the court in interpreting the meaning of the words ''in contemplation of death,'' as used in the statute, gave as clear a meaning as we think possible. He there stated:

''The quality which brings the transfer within the statute is indicated by the context and manifest purpose. Transfers in contemplation of death are included within the same category, for the purpose of taxation, with transfers intended to take effect at or after the death of the transferor. *The dominant purpose is to reach substitutes for testamentary dispositions and thus to prevent the evasion of the estate tax.* * · * * As the transfer may otherwise have all the indicia of a valid gift *inter vivos,* the differentiating factor must be found in the transferor's motive. Death must be 'contemplated,' *that is, the motive which induces the transfer must be of the sort which leads to testamentary disposition.* * * *

''* * * *It is contemplation of death not necessarily contemplation of imminent death, to which the statute refers.* * * * *the statute is not to be limited, and its purpose thwarted, by a rule of construction which in place of contemplation of death makes the final criterion to be an apprehension that death is 'near at hand'.''* Emphasis supplied.

We would reverse the district court and hold such transfers in contemplation of death to be taxable for inheritance tax purposes, under our statute, R.C.M. 1947, section 91-4402.