Argued April 12, appeal dismissed May 31, 1961

# STATE OF OREGON *v.* HOPKINS
### 362 P. 2d 378

*James E. Craig*, District Attorney, McMinnville, argued the cause and filed briefs for appellant.

*Charles D. Burt*, Salem, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

PER CURIAM.

The state has attempted to appeal under ORS 138.060 from an order dismissing an indictment charging the crime of negligent homicide.

ORS 138.020 provides:

"* * * Who may appeal. Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action in the cases precribed in ORS 138.010 to 138.440, and not otherwise."

ORS 138.060 provides:

"* * * Appeal by state. The state may take an appeal to the Supreme Court from a judgment for the defendant on a demurrer to the indictment or from an order of the court arresting the judgment."

At the close of the state's evidence, the defendant moved to dismiss the indictment, assigning three grounds for his motion: (1) that the indictment charged two crimes, manslaughter and negligent homicide; (2) that the name of the person killed was alleged in the indictment as Marion Albert Lynch and was proven by the evidence to be Marion Arthur Lynch; and (3) that there was a failure of proof of the allegations of gross negligence set forth in the indictment.

The trial court treated the defendant's motion as a demurrer under ORS 135.630 (3), which permits an indictment to be challenged by demurrer if the indictment charges more than one crime. The court then held that the indictment charged both negligent homicide and manslaughter and dismissed the indictment.

■ We do not reach the merits of any of the questions presented by this appeal for the reason that the judgment entered by the trial court is not one from which the state can appeal. The objection to an indictment under ORS 135.630 (3), that the indictment charges more than one crime, is exclusively by demurrer. ORS 135.640. The motion was not a demurrer. The time for a demurrer had passed.

■■ Such cases as *State of Oregon v. Berry and Walker,* 204 Or 69, 267 P2d 993, 995, 282 P2d 344, 347, recognize the rule that an objection that an indictment states no crime at all can be taken at any time. We do not depart from that rule. Likewise, objections to the jurisdiction of the court are never waived. ORS 135.640. All other objections must be timely.

■■ The rule is well settled that other objections which are exclusively to be taken by demurrer are waived by pleading to the merits. *State v. DuBois,* 175 Or 341, 345, 153 P2d 521. ORS 135.610 requires the demurrer to be interposed at the time of arraignment or

at such other time as may be allowed a defendant for that purpose. If a plea has been entered, the trial court in its discretion may allow the plea to be withdrawn for the purpose of filing a demurrer. Finally, the demurrer must be in writing, and must set forth the grounds therefor. ORS 135.620.

■ The so-called demurrer in the instant case was not in writing; it was not timely; and the objection which, if valid, could have been made by demurrer had been waived. Therefore, the trial court was without authority to treat the motion as a demurrer.

The state now asks this court to follow the trial court in treating the defendant's motion as a demurrer, in order to have jurisdiction of the appeal. This we cannot do. The statute permitting the state to appeal permits the state to appeal from an adverse ruling on a demurrer. ORS 138.060 does not permit an appeal from an adverse ruling upon a motion to dismiss an indictment, or from a judgment of acquittal or from a variety of other adverse rulings that can be made by trial courts during criminal trials. This case obviously does not involve an order in arrest of judgment. Calling something a demurrer does not make it one.

Appeal dismissed.