Argued December 4, appeal dismissed December 13, 1961

# STATE OF OREGON *v.* FOSTER
366 P. 2d 896

*C. L. Marsters*, Deputy District Attorney for Marion County, argued the cause for appellant. On the brief was Hattie Bratzel Kremen, District Attorney for Marion County.

*Charles D. Burt*, Salem, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and BRAND, Justices.

BRAND, J.

This is an appeal by the State of Oregon from a judgment in a criminal case by which the trial court vacated the verdict of guilty and its previous judgment of conviction, and dismissed the indictment.

The defendants, Archie Emil Foster (true name Archie Emil Taggart) and William David Potter, were on 29 September 1960 charged by indictment with the crime of receiving and concealing stolen property, in violation of ORS 165.045. Potter alone was tried, but by stipulation the case is to be considered as if both defendants were tried, since the evidence would be the same as to both defendants. Accepting the stipulation, the facts are that defendants were tried on pleas of "not guilty," and on 25 November 1960 the jury returned a verdict of "guilty." On 11 January 1961 defendants filed a motion for an order vacating the verdict of guilty and for a judgment of "not guilty" notwithstanding the said verdict, or in the alternative, granting to defendant a new trial. The grounds of the motion were error in overruling the defendant's motion

for dismissal at the end of the state's case. Various reasons are presented in support of the claimed error, but they all come down to the general proposition that there was no substantial evidence on which a verdict of guilty could be predicated. Other irregularity was asserted which need not be noted.

On 16 January the trial court imposed sentence of confinement in the penitentiary. Execution of the sentence was suspended pending a pre-sentence investigation. On 18 January judgment and sentence were entered. On 24 January the trial court entered a judgment of vacation and dismissal. The judgment recited the conviction, the motion for judgment setting aside the conviction on the ground of insufficiency of the evidence and the motion in the alternative for a new trial. The court then denied the motion for a new trial but "adjudged that the verdict of guilty and the judgment of sentence pursuant thereto are vacated and set aside and the indictment on which based is dismissed." The state appeals.

Assuming that we have jurisdiction to entertain the appeal, a serious question would arise as to whether there was sufficient evidence to sustain the verdict and whether the trial court violated Oregon Constitution, Article VII, Section 3, which provides that "no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict," which has been held applicable in criminal cases. *State v. Burke et al*, 126 Or 651, 269 P 869, 270 P 756. We do not, however, reach any question as to the sufficiency of the evidence unless we first find that this court has jurisdiction of the appeal.

On 25 July 1961 the defendant moved in this court for an order dismissing the appeal. The motion was

denied, with leave to renew at the time of oral argument. The motion was then renewed. We address ourselves to that question.

██ An appeal in a criminal case is not a matter of right, but a statutory privilege, and an appeal is not permitted unless expressly authorized. *State v. Endsley*, 214 Or 537, 331 P 338; *State v. Long*, 177 Or 530, 164 P2d 452. The provisions of the Criminal Code for taking an appeal in a criminal case are complete within themselves, and decisions in civil cases throw no light on the subject. *Huffman v. Alexander*, 197 Or 283, 251 P2d 87, 253 P2d 289; *State v. Rosser*, 162 Or 293, 86 P2d 441, 87 P2d 783, 91 P2d 295. And see, New Oregon Digest, Criminal Law, § 1004. The right of the state to appeal is defined by statute:

> "The state may take an appeal to the Supreme Court from a judgment for the defendant on a demurrer to the indictment or from an order of the court arresting the judgment." ORS 138.060.

From the earliest times it has been held that the grounds for appeal by the state are limited to the causes specified. *State v. Yarde*, 121 Or 297, 254 P 798; *State v. Ellis*, 3 Or 497. It is further provided that:

> "Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action in the cases prescribed in ORS 138.010 to 138.440, and not otherwise." ORS 138.020.

See, *State v. Garrett*, 228 Or 1, 363 P2d 762. The only provision authorizing appeal by the state under ORS 138.010 to 138.440 is ORS 138.060, quoted supra. The statute enumerates the grounds for demurrer. ORS 135.630. Obviously none of them has reference to the sufficiency of the evidence.

In *State v. Hopkins*, 227 Or 395, 362 P2d 378, decided 31 May 1961, the state attempted to appeal un-

der ORS 138.060 from an order dismissing an indictment. The court cited ORS 138.060, supra, and stated the grounds on which the defendant had based his motion for dismissal of the indictment. They were (1) that the indictment charged two crimes, (2) that the name of the victim on the charge of negligent homicide was proven to be different from the name in the indictment (a matter concerning evidence) and (3) that there was failure of proof of gross negligence. The trial court treated the motion as a demurrer under ORS 135.630. As to the charge of two crimes alleged in the indictment, the court held that the motion was not a demurrer and that alleged defect was waived. As to the other grounds of the motion to dismiss, the court said:

> "The state now asks this court to follow the trial court in treating the defendant's motion as a demurrer, in order to have jurisdiction of the appeal. This we cannot do. The statute permitting the state to appeal permits the state to appeal from an adverse ruling on a demurrer. ORS 138.060 does not permit an appeal from an adverse ruling upon a motion to dismiss an indictment, or from a judgment of acquittal or from a variety of other adverse rulings that can be made by trial courts during criminal trials. This case obviously does not involve an order in arrest of judgment. Calling something a demurrer does not make it one." *State v. Hopkins,* supra, 227 Or 395, 362 P2d 371 at 380.

Under this ruling it would appear that the allowance of the motion in the pending case, which was in substance one for dismissal of the indictment and for acquittal, is not such an order as is appealable. The state, however, argues that the motion was for arrest of judgment and that the order from which the state seeks to appeal was an order arresting judgment and

therefore was appealable under ORS 138.060, supra. The difficulty with this contention is that the motion was not for arrest of judgment and the order was not one in arrest of judgment. The statute provides:

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty or on a verdict against the defendant on the plea of a former conviction or acquittal. It may be founded on either or both of the causes specified in subsections (1) and (4) of ORS 135.630, and not otherwise. The motion must be made within the time allowed to file a motion for a new trial, and both such motions may be made together and heard and decided at once or separately, as the court directs." ORS 136.810.

The two "causes specified" are lack of authority of the grand jury to indict (ORS 135.630(1)), and that the facts stated do not constitute a crime (ORS 135.-630(4)). The statute further provides that:

"The effect of allowing a motion in arrest of judgment is to place the defendant in the same situation in which he was before indictment was found." ORS 136.820.

Thus far, the statute outlines with clarity the scope and function of a motion in arrest and an order pursuant thereto. The next two sections are perhaps suggestive of a change in the scope of the motion in arrest. They read as follows:

"If, from the evidence given on the trial, there is reasonable ground to believe the defendant guilty and a new indictment can be framed upon which he may be convicted, the court shall order the defendant to be recommitted to custody or admitted to bail and to answer the new indictment, if one is found; and if the evidence shows him to be guilty of another crime than that charged in the indict-

ment, he shall in like manner be committed or held thereon. In neither case is the verdict a bar to another action for the same crime." ORS 136.830.

"If the evidence appears insufficient to charge the defendant with any crime, he shall, if in custody, be discharged or, if he has given bail or deposited money in lieu thereof, his bail is exonerated or his money shall be refunded to him; and in such case, the arrest of judgment operates as an acquittal of the charge upon which the indictment was founded." ORS 136.840.

If ORS 136.830 and 136.840 had been adopted subsequent to the adoption of ORS 136.810 and 136.820, we might be tempted to believe that the purpose of such amendments was to enlarge the scope of the motion in arrest to cover cases in which the issue was the presence or absence of evidence of guilt. But no such inference is permissible here. The entire statute from ORS 136.810 to 136.840 is taken from the Laws of 1864, Deady, Code of Criminal Procedure, Chapter XIX, entitled "Arrest of Judgment" and being sections 172 to 175 inclusive, which sections parallel the four sections of ORS quoted supra.

■ It is obvious that the first purpose was to limit the scope of a motion in arrest to cases in which the court is asked to render no judgment and the only causes on which it can be founded are want of authority by the grand jury, or failure to state facts constituting a crime.

■ It is only after a motion on such grounds has been made and after the court has found it well taken that a duty arises under ORS 136.830 and 136.840 to consider the evidence, or want of it, and act accordingly. Any other construction of the statute would lead to absurd results.

In *State v. Minnick*, 33 Or 158, 54 P 223, the defendant pled former acquittal. After trial on the merits the court directed a verdict of "not guilty." The defendant was discharged and the state appealed. On motion to dismiss the appeal the court reviewed the statutes and held that the Supreme Court was without jurisdiction of the appeal. If an order directing a verdict for defendant is not appealable but an order arresting judgment based on the same facts should be held appealable, the result would be incongruous to say the least.

The motion to dismiss the appeal for want of jurisdiction is allowed.