Argued September 10, appeal dismissed October 24, 1962

# STATE OF OREGON *v.* HAYNES

375 P. 2d 550

*Thomas J. Curran,* Portland, argued the cause and submitted a brief for appellant.

*Oscar D. Howlett,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was Charles E. Raymond, District Attorney, Portland.

Before McAllister, C. J., and Rossman, Perry, Goodwin and Denecke, Justices.

McALLISTER, C. J.

The defendant Haynes was charged by an indictment returned in Multnomah county on February 17, 1961 with the crime of burglary not in a dwelling. The trial of the charge against defendant did not commence until October 16, 1961, having been postponed several times for sufficient reasons not necessary to recite here.

During the trial the defendant objected to certain testimony of a witness for the state and moved for a mistrial. The court allowed defendant's motion, declared a mistrial and continued the case for trial at a later date to be fixed by the court. At the request of the defendant the case was set over to the November term of the circuit court.

When the case was called for trial on November 6, 1961, the defendant filed a motion to dismiss the indictment on the ground that he had been once in jeopardy for the same offense. The court denied the defendant's motion to dismiss, whereupon defendant gave notice of appeal and moved the court to stay further proceedings pending the determination of the appeal. The court allowed the motion and ordered that the trial of the charge "be stayed pending the outcome of the appeal on the motion to dismiss."

■ Both the statutes and our decisions make it clear that the order denying defendant's motion to dismiss

the indictment was not an appealable order. See *State v. Endsley,* 214 Or 537, 331 P2d 338 (1958), where both the pertinent statutes and our earlier decisions are cited in a carefully considered opinion by Mr. Justice Lusk. See also *State v. Sherwood,* 214 Or 594, 600, 332 P2d 96 (1958), cert. denied 365 US 883, 81 S Ct 1032, 6 L Ed2d 193 (1961); *State v. Foster,* 229 Or 293, 296, 366 P2d 896 (1961); *State v. Jairl,* 229 Or 533, 539, 368 P2d 323 (1962); *State v. Gates,* 230 Or 84, 368 P2d 605 (1962).

The court below erred in granting a stay pending the determination of this appeal. It is true that when an appeal is authorized by statute, as in *State v. Jackson,* 228 Or 371, 365 P2d 294, the taking of an appeal vests jurisdiction in the appellate court and deprives the trial court of jurisdiction to proceed further with the cause. When an appeal is not authorized by statute, the attempt to take an appeal neither vests this court with jurisdiction nor deprives the trial court of jurisdiction to proceed with the cause. A motion to dismiss the appeal should have been filed, and in the absence of such a motion we act *sua sponte.*

The appeal is dismissed.