On respondent's reconsideration filed February 13, 1985 on order withdrawing order of dismissal and dismissing appeal on different grounds filed January 9; reconsideration granted; order of dismissal adhered to August 14; reconsideration denied November 15, 1985, petition for review denied February 19, 1986 (300 Or 545)

## MURRAY WELL-DRILLING,
*Appellant,*

*v.*

## DEISCH et al,
*Defendants,*

## STATE OF OREGON, acting by and through the DIRECTOR OF VETERANS' AFFAIRS,
*Respondent.*

## STATE OF OREGON, acting by and through the DIRECTOR OF VETERANS' AFFAIRS,
*Respondent,*

*v.*

## DEISCH et al,
*Defendants,*

## MURRAY WELL-DRILLING, INC.,
*Appellant.*

(CC83-179, CC83-294; CA A33850)

704 P2d 1159

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Richard D. Wasserman, Assistant Attorney General, Salem, for petition.

No appearance contra.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The State of Oregon (DVA) has petitioned for review of our order dismissing this appeal. *See* ORAP 10.10(1). We grant the petition for reconsideration and adhere to the order.

The initial question is whether DVA is an "aggrieved party" within the meaning of ORS 2.520.[1] It appears from the judgment that DVA was the prevailing party at trial and that Murray Well-Drilling, Inc. (Murray) was the losing party. Murray filed a notice of appeal designating DVA as respondent. DVA did not file a notice of appeal or, after the filing of Murray's notice of appeal, a notice of cross-appeal. On our own motion, we dismissed the appeal for lack of jurisdiction. Although that action would seem to favor DVA, DVA has petitioned for review, and Murray has not. Under the circumstances of this case, however, we conclude that DVA is an aggrieved party and is entitled to petition for reconsideration.

This appeal arises from consolidated actions. In the first action, Murray is the plaintiff and the Deisches and DVA are the defendants. In the second, DVA is the plaintiff and the Deisches and Murray are the defendants. The underlying issue appears to be the priority of the parties' interests in certain real property.

On September 4, 1984, the trial court entered an order allowing DVA's motion for summary judgment. On September 27, 1984, Murray filed a notice of appeal from the *order* allowing summary judgment. On October 12, 1984, we dismissed that appeal for lack of jurisdiction, because the summary judgment order was not a final order or judgment under ORS 19.010. Our order of dismissal cited *Cenci v. The Ellison Company,* 289 Or 603, 617 P2d 254 (1980), and *City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 531 (1983). On November 29, 1984, pursuant to ORS 19.190 and ORAP 11.03, after expiration of the period within which either party could petition for review of the order of dismissal, this court issued

---

[1] ORS 2.520 provides:

"Any party aggrieved by a decision of the Court of Appeals may petition the Supreme Court for review within 35 days after the date of the decision, in such manner as provided by rules of the Supreme Court."

its appellate court judgment transmitting a copy of our order of dismissal to the trial court.

Meanwhile, on October 3, 1984, a document entitled "Judgment and Decree of Foreclosure"[2] was signed by the trial judge and entered in the circuit court journal. On November 5, 1984, Murray filed a new notice of appeal, identifying the judgment of October 3 as the judgment being appealed. That notice of appeal forms the basis for this appeal. DVA did not file either a notice of appeal or a notice of cross-appeal with respect to Murray's second appeal.

It initially appeared that that second notice of appeal was untimely, because it was received by the State Court Administrator on November 7, 1984. Accordingly, on December 4, 1984, we issued an order dismissing the appeal on the ground that it was untimely filed. Subsequently, however, it came to our attention that the notice of appeal was mailed by certified mail with proof from the post office of mailing on November 5, 1984. Under those circumstances, the date of mailing is deemed to be the date of filing, ORS 19.028; therefore, the second appeal was timely filed. Accordingly, on January 9, 1985, we issued an order withdrawing that order of dismissal. However, in the course of comparing the first appeal with the second appeal, it appeared that a different ground required dismissal of the appeal on jurisdictional grounds; in the same order on our own motion we dismissed the second[3] appeal. The instant petition for reconsideration relates to that order.

---

[2] ORCP 67B and 70 provide that only the word "judgment" be used to denominate the final determination of an action, rather than the word "decree." That is consistent with the attempt to eliminate procedural differences between cases at law and in equity, but old practices apparently die hard, and ORS has not completely caught up with ORCP.

[3] The order reads in full:

"On or about September 27, 1984, appellant filed a notice of appeal from an order allowing summary judgment entered by the trial court on September 4, 1984. That appeal (CA A33408) was dismissed on October 12, 1984, on the Court's own motion on the ground that the order appealed from was not a final order or judgment. The appellate court judgment in CA A33408 was entered on November 29, 1984.

"Meanwhile, on October 3, 1984, the trial court purported to enter a judgment and decree of foreclosure, and on November 5, 1984, appellant filed the notice of appeal herein from that judgment and decree. On December 4, 1984, the Court on its own motion dismissed this appeal on the ground that it was untimely filed.

"The Court on its own motion withdraws the order of dismissal herein dated December 4, 1984. The appeal is premature in that the appeal in CA A33408 was

■    The January 9 dismissal was predicated on the court's assumption that the notice of appeal in the first appeal deprived the trial court of jurisdiction to act until the appellate judgment had issued disposing of that appeal. That is, the appellate judgment in the first appeal not having issued until November 29, 1984, the trial court was without jurisdiction to enter the judgment of October 3, 1984. Therefore, we vacated the trial court's October judgment in order to clear the way for entry of a new judgment after issuance of the appellate judgment in the second appeal. Because DVA was the prevailing party under the October judgment, the net result of the second dismissal order was to deprive DVA of the benefit of that judgment. It follows that DVA is an "aggrieved party" within the meaning of ORS 2.520 and is entitled to petition for review.

We now turn to whether we were correct in assuming that the pendency of the first appeal at the time of entry of the judgment of October 3, 1984, deprived the trial court of jurisdiction to enter that judgment in view of the fact that the first appeal ultimately was dismissed on *jurisdictional* grounds.[4]

---

pending at the time the judgment and decree of October 3, 1984, was entered, therefore, the trial court was without jurisdiction to enter that judgment and decree. ORS 19.033(1); *State v. Casey,* 108 Or 386 (1923). Further, and on the same ground, the Court vacates the judgment and decree entered by the trial court on October 3, 1984. Cf. *Josephine Memorial Hospital,* 297 Or 525 (1984).

"The Court on its own motion dismisses this appeal on the ground that there is no final judgment, decree, or order from which an appeal can be taken. This order is not enforceable and jurisdiction does not revert back to the trial court until entry of the appellate court decision herein. ORS 19.190; ORAP 11.03."

[4] To say that an appeal is dismissed "for lack of jurisdiction" when the defect is a want of an appealable judgment or order may be inaccurate usage. ORS 19.033(1), which begins "[w]hen the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause * * *," and ORS 19.033(2), which states that "[t]he serving and filing of the notice of appeal as provided in ORS 19.023, 19.026 and 19.029 is jurisdictional * * *," are somewhat redundant of each other. However, the two subsections emphasize that what is considered "jurisdictional" are the requirements of ORS 19.023, 19.026 and 19.029. One searches those statutes in vain for the requirement that an appeal be taken from an appealable judgment or order.

The requirement of an appealable judgment or order is contained in ORS 19.010. That statute does not use the word "jurisdiction" but merely defines those judgments, decrees and orders that are reviewable on appeal. Arguably, then, when this Court dismisses an appeal because we determine that the document being appealed is not

The order of dismissal cites ORS 19.033(1) and *State v. Casey,* 108 Or 386, 213 P 771, 217 P 632 (1923), as authority for the dismissal of the second appeal and vacation of the judgment appealed from. ORS 19.033(1) provides in relevant part:

> "When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, pursuant to rules of the court, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law * * *."

In *State v. Casey, supra,* the Supreme Court affirmed the defendant's murder conviction, including the sentence of death. No petition for rehearing was filed, and in due course the court entered its mandate[5] transmitting the decision to the trial court. Subsequently, the defendant moved for recall of the mandate and to substitute a mandate of life imprisonment on the grounds that an accomplice in the crime had been acquitted and that the defendants had not had the effective assistance of counsel. In determining whether it had jurisdiction to grant the relief requested in the motion, the Supreme Court said:

> "It is a general rule that appellate jurisdiction of the Supreme Court over a case ceases when the case has been determined and remanded to the lower court and the mandate has been entered of record in that court. However, a mandate may be recalled by the appellate court for the purpose of

reviewable under ORS 19.010, the defect is not "jurisdictional," as that term is used in ORS 19.033. The implication is that, once a notice of appeal has been filed within the time and in the manner prescribed in ORS 19.023, 19.026 and 19.029, under ORS 19.033(1), and during the pendency of the appeal, the appellate court has "jurisdiction" and the trial court does not, regardless of whether the document designated as the subject of the appeal ultimately is determined not to be appealable.

[5] Formerly, the word "mandate" denominated the document used to transmit the actual judgment of the appellate court to the trial court. ORS 19.190, which prescribes when the decision of an appellate court becomes effective, the manner in which an appellate decision is transmitted to the trial court and the effect of the transmittal, was amended in 1981 (Or Laws 1981, ch 178, § 1) to refer to "appellate court decision" in lieu of "mandate." ORAP 11.03 was amended in 1984 to use the phrase "appellate judgment" in lieu of "appellate court decision" to emphasize the distinction between the appellate court's "opinion," which merely explains the court's "decision" (the appellate court's disposition of the appeal or the judgment or order from which the appeal was taken), and the "appellate judgment," which is the document that transmits the decision to the trial court after all time periods for petitioning for review or reconsideration and all attorney fee and costs issues have been determined.

correcting errors, or for making clear the meaning and effect of the judgment made in the appellate court." 108 Or at 420.[6] (Citations omitted.)

We reasoned that, once a notice of appeal is filed in the manner prescribed in ORS 19.023, 19.026 and 19.029, this court has jurisdiction of the cause and the trial court does not, until issuance of the appellate judgment pursuant to ORS 19.190 and ORAP 11.03.[7] In this case, the first notice of appeal was filed on September 27, 1984, and the appellate court decision finally disposing of that case did not issue until November 29, 1984, after the expiration of the period during which either party could have petitioned for review of the order of dismissal. If our legal predicate is correct, then the trial court was without jurisdiction to enter the judgment of October 3, 1984, that judgment is a nullity and this appeal appropriately was dismissed for want of a final, appealable judgment.

In its petition for reconsideration, DVA refers to *State v. Haynes*, 232 Or 330, 375 P2d 550 (1962), where the defendant filed a notice of appeal from an order denying his motion to dismiss on the ground that he had been once in jeopardy for the same offense. He had also moved in the trial court for a stay of the trial pending the outcome of the appeal. The court on its own motion dismissed the appeal as being from a nonappealable order. The court also said:

> "The court below erred in granting a stay pending the determination of this appeal. It is true that when an appeal is authorized by statute, as in *State v. Jackson*, 228 Or 371, 365

---

[6] The court held that the motion to recall the mandate was not based on a mistake of fact or on a false legal premise; therefore, there was no reason to recall the mandate.

[7] ORS 19.190(1) provides in part:

> "The date of the filing of the decision shall be deemed to be the date of entry of the judgment, except that the judgment of the Court of Appeals shall be stayed until the expiration of the time provided in ORS 2.520 for filing a petition for review to the Supreme Court and thereafter as provided in the rules of the Supreme Court, and the judgment of the Supreme Court shall be stayed in accordance with the rules of the Supreme Court."

The "rules" to which ORS 19.190 refers is actually a single rule, ORAP 11.03, subsections (2) and (3) of which detail how the effective date of a Court of Appeals decision is determined. The effect of ORS 19.190 and ORAP 11.03 is to make a decision of the Court of Appeals a *tentative* decision, which may or may not become the final disposition of the appeal, depending on whether a petition for review is filed and the outcome of the petition if one is filed.

P2d 294, the taking of an appeal vests jurisdiction in the appellate court and deprives the trial court of jurisdiction to proceed further with the cause. When an appeal is not authorized by statute, the attempt to take an appeal neither vests this court with jurisdiction nor deprives the trial court of jurisdiction to proceed with the cause." 232 Or at 332.

The distinction between an appeal that vests jurisdiction in the appellate court and one that does not seems easy and reasonable enough until one considers the consequences of the rule. In *Custom Harv. Oregon v. Smith Truck & Tractor,* 66 Or App 127, 672 P2d 1364 (1983), the plaintiff recovered a judgment against the defendants, who appealed. This court dismissed the appeal for lack of jurisdiction on the ground that the appellants had failed to serve timely all of the court reporters who had reported the trial, as expressly required by ORS 19.023(2). Subsequently, the Supreme Court, 296 Or 711, 678 P2d 268 (1984), reversed that decision and held that this court did have jurisdiction of the appeal. The court said that the failure to serve court reporters timely was not a jurisdictional defect. Similarly, in *May v. Josephine Memorial Hospital,* 64 Or App 672, 669 P2d 824 (1983), this court determined that it lacked jurisdiction over the appeal because the document purporting to be an appealable judgment disposing of fewer than all claims pleaded did not comply with previous Court of Appeals cases interpreting ORCP 67B.[8] The trial court in that case had awarded summary judgment to only some of the defendants. Subsequently, the Supreme Court, 297 Or 525, 686 P2d 1015 (1985), determined that the document from which the appeal was taken was a final, appealable judgment in compliance with ORCP 67B. and that this court did have jurisdiction of the appeal.

Those decisions suggest some serious questions. In *Custom Harv. Oregon,* did the trial court have jurisdiction between the Court of Appeals' decision that it had no jurisdiction and the Supreme Court's decision that it did? Could the judgment creditor have executed on the judgment? Was the judgment a lien on the real property of the judgment debtor

---

[8] In a case involving multiple claims for relief, ORCP 67B permits a final, appealable judgment to be entered, even if the judgment does not dispose of all claims alleged at trial, provided that the trial court expressly directs entry of final judgment as to one or more but fewer than all of the claims or parties and expressly determines that there is no just reason for delay.

pursuant to ORS 18.350? If a lien was created, what would have been the priority of the lien vis-a-vis another judgment[9] entered in an unrelated case in which there was no question of the trial court's jurisdiction? In a *May v. Josephine Memorial Hospital* case, if the situation were that an arguably defective ORCP 67B judgment was entered awarding a money judgment or other affirmative relief but not disposing of all claims asserted at trial, and the Court of Appeals were to dismiss the appeal for lack of jurisdiction as it did in *May,* what would be the status of the judgment between the Court of Appeals' determination that it did not have jurisdiction and the Supreme Court's determination that it did? If *State v. Haynes, supra,* is correct, the potential exists for horrendous conflicts in the exercise of jurisdiction by the trial court pending a final determination of whether this court can consider an appeal.

■        The better view is that, once a notice of appeal has been *filed,* the appellate court has jurisdiction and the trial court does not, until there is a final determination on the merits or a determination that the appellate court lacks jurisdiction. This view is consistent with the Supreme Court's holding in *Pohrman v. Klamath Falls Comm.,* 272 Or 390, 397, 538 P2d 70 (1975):

> "We hold that when a notice of appeal is timely served and filed the court has jurisdiction. The appellate court can then determine, pursuant to ORS 19.033(3),[10] whether the failure to comply with the statutory form for the notice of appeal is sufficiently serious and prejudicial so as to grant a motion to dismiss."

In *Pohrman* the issue was whether the failure timely to file proof of service of the notice of appeal on the adverse party was a jurisdictional defect. When the court in that case phrased its holding as it did, it did not necessarily intend to address whether the timely filing and service of a notice of

---

[9] *See* ORS 18.370.

[10] ORS 19.033(3) provides:

"(3)  After the Supreme Court or the Court of Appeals has acquired jurisdiction of the cause, the omission of a party to perform any of the acts required in connection with an appeal * * * or to perform such acts within the time required, shall be cause for dismissal of the appeal. In the event of such omission, the court, on motion of the respondent or, on its own motion, may dismiss the appeal. An appeal dismissed on the court's own motion may be reinstated upon showing of good cause for such omission."

appeal from what is later determined to be a nonappealable order divests the trial court of jurisdiction. DVA appears to concede that the filing of a notice of appeal in any form may confer jurisdiction on the appellate court to determine whether it has jurisdiction of the appeal on the merits, but it contends that the trial court is not thereby deprived of jurisdiction. For the reasons outlined above, we conclude that the existence of concurrent jurisdiction in two courts concerning the same cause presents an untenable situation. *Pohrman* suggests the principle that, in order to avoid conflicts in the exercise of jurisdiction, only one court at a time should be adjudicating the same cause, even when the exercise of jurisdiction by that court may result only in a determination that it does not have jurisdiction.

The petition for reconsideration raises the spectre that a party, solely for the purpose of delay, could file a notice of appeal containing jurisdictional defects, knowing that the filing of the notice would at least temporarily divest the trial court of jurisdiction. As the Supreme Court noted in *State v. Jackson, supra,* 228 Or at 387:

> "This is true not only in this class of cases, but in all others where appeals are authorized. But the fact that the right to appeal may be abused does not impair the legal consequences of the exercise of the right. The policy involved is for the legislature."

The legislature has provided some means for dealing with frivolous appeals. ORS 19.160 provides that, when an appeal is taken from a judgment for money or personal property and the judgment is affirmed on appeal, the appellate court is required to assess damages equal to 10 percent of the judgment unless "it appears evident to the appellate court that there was probable cause for taking the appeal." If there was not probable cause for taking an appeal, the Supreme Court has held that the appellate court is required to assess damages under ORS 19.160, even if the appeal was taken in good faith and not for the purpose of delay. *Broyles v. Estate of Brown,* 295 Or 795, 671 P2d 94 (1983). Moreover, ORS 20.105, enacted in 1983 (Or Laws 1983, ch 898, § 57), authorizes trial and appellate courts, in their discretion, to assess attorney fees in any civil case against a party after a finding that the party "willfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

■    The holding in *State v. Haynes, supra,* on which DVA relies, is inconsistent with the Supreme Court's subsequent decision in *Pohrman v. Klamath Falls Comm., supra.* Further, ORS 19.033(1) and the interests of sound judicial administration lead to the conclusion that the acts of timely filing and serving a notice of appeal are the *sine qua non* of appellate jurisdiction which, concomitantly, divests the trial court of jurisdiction, at least for such time as it takes to determine finally whether the appellate court has jurisdiction of the cause.

Petition for reconsideration granted; order of dismissal adhered to.