Argued and submitted December 5, 1980, appeal dismissed February 17, 1981

KUVAAS et al,
*Respondents,*
*v.*
CUTRELL et al,
*Appellants.*

(No. 54052, CA 17683)

623 P2d 1116

William G. Nokes, Corvallis, argued the cause for appellants. With him on the brief was Nokes & Cohnstaedt, Corvallis.

Richard Kropp, Albany, argued the cause for respondents. On the brief were Robert W. Muir, and Emmons, Kyle, Kropp & Kryger, P.C., Albany.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

Defendants appeal from an order granting plaintiffs a partial summary judgment, ORS 18.125, in a mortgage foreclosure suit. Defendants' answer generally denied the allegations of plaintiffs' complaint and alleged a counterclaim for fraud and misrepresentation in connection with the transaction which resulted in defendants' execution of the note and mortgage. Plaintiffs subsequently moved for a partial summary judgment on the note secured by the mortgage. The trial court granted plaintiffs' motion for the face amount of the note, plus interest and attorney fees.

The judgment was entered and, pursuant to plaintiffs' request, execution issued on the judgment over the defendants' objection that the judgment was not final under the provisions of ORS 18.125.[1] From all that appears in the record, the execution was returned unsatisfied. ORS 18.125 provides:

"(1) When more than one demand for relief is presented in a suit or action, whether as multiple causes of suit or action, counterclaims, cross-claims, or third-party actions or suits, or when multiple parties are involved, *the court may direct the entry of a final judgment or decree as to one or more but fewer than all of the causes of suit or action or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment or decree.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the causes of suit or action or the rights and liabilities of fewer than all the parties shall not terminate the proceeding as to any of the causes of suit or action or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment or decree adjudicating all the causes of suit or action and the rights and liabilities of all the parties.

"* * * * *"

The judgment entered by the court provided:

---

[1] ORCP 47G. provides:

"In any action involving multiple parties or multiple claims, a summary judgment which is not entered in compliance with ORS 18.125 shall not constitute a final judgment.

"IT IS HEREBY ORDERED that plaintiffs be and they are hereby granted judgment against Clifford M. Cutrell, Jr. and Alvin D. Phillips, and each of them, in the sum of $11,872.79, together with interest thereon at the rate of nine (9%) percent per annum from December 10, 1977 until paid, together with the further sum of $500.00 as and for plaintiffs' reasonable attorneys fees."

■     The court made no "express determination that there is no just reason for delay" and did not make an "express direction for entry of judgment * * *." It is apparent that the entry of the judgment was, under the provisions of ORS 18.125, not authorized by the order of partial summary judgment, and it follows that the attempted execution thereon was premature.

■     More importantly for this appeal, however, the order of partial summary judgment was not a final appealable order. ORS 19.010(1)(e). Defendants' counterclaims remain to be adjudicated. Because the determination and direction required by ORS 18.125 were not made, and because "fewer than all the causes of suit or action [and] the rights and liabilities of fewer than all the parties" were adjudicated, "the proceedings as to any of the causes of suit or action or parties" were not terminated, and the order was and is subject to revision until the rights of all the parties as to all causes of suit or action have been determined. As the order was not a final judgment under the provisions of ORS 18.125, it was not an appealable order under the provisions of ORS 19.010(1)(e).[2]

Appeal dismissed.

_____

[2] ORS 19.010 provides:

"(1) A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(e) A final judgment or decree entered in accordance with ORS 18.125.