Argued and submitted January 21, affirmed April 6,
reconsideration denied May 14,
petition for review denied June 16, 1981 (291 Or 117)

# PORTLAND ELECTRIC AND PLUMBING COMPANY,
*Respondent,*

*v.*

# COOKE,
*Appellant,*

*v.*

# HAYS,
*Third-Party Defendant.*

(No. 107 062, CA 18067)

# EOFF ELECTRIC COMPANY, INC.,
*Respondent,*

*v.*

# COOKE,
*Appellant,*

*v.*

# HAYS,
*Third-Party Defendant.*

(No. 107 063, CA 18068)
(Cases consolidated)

626 P2d 397

Michael L. Williams, Eugene, argued the cause for appellant. With him on the briefs was Johnson, Harrang, Swanson & Long, Eugene.

Gilbert B. Feibleman, Salem, argued the cause for respondents. With him on the brief was Ramsay, Stein & Feibleman, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals summary judgments in favor of plaintiffs in these actions to enforce payment of debts personally guaranteed by defendant. We affirm.

While owning and operating Cooke Electric, an electrical contracting firm, defendant became indebted to the plaintiffs. Defendant decided to incorporate as Big "C" Electric, Inc. He asked plaintiffs' consent to transfer the assets and liabilities of Cooke Electric to Big "C". Plaintiffs agreed, but demanded and received defendant's personal guarantees he would pay the debts if Big "C" did not. The guarantee agreements between plaintiffs and defendant contained the following language: "Provided all remedies under the laws of the State of Oregon available against Big "C" Electric, Inc., have been pursued by [plaintiff]."

Defendant sold Big "C" to the third-party defendant, Hays. Big "C" subsequently declared bankruptcy. Plaintiffs submitted their claims against Big "C", which were partially paid in bankruptcy. Plaintiffs then demanded payment of the balance of Big "C"'s indebtedness from defendant. Defendant refused to pay, and these actions ensued.

The trial court granted summary judgments in favor of plaintiffs.

Defendant assigns as error the trial court's order, contending there was a disputed issue of material fact. In his answer, defendant raised as an affirmative defense the failure of plaintiffs to pursue all available remedies against Big "C." Defendant's affidavit states there were remedies available following Big "C"'s incorporation which plaintiffs failed to pursue. He contends plaintiffs did not establish they had pursued these remedies, and whether they did so was a disputed issue of material fact.

■ The trial court found no dispute that Big "C" had gone bankrupt or that plaintiffs had presented their claims against Big "C" and had received partial payment in bankruptcy. The court concluded plaintiffs had no remedies remaining against Big "C," following Big "C"'s discharge in bankruptcy. We agree with the trial court's conclusion, and the defendant does not argue otherwise.

Defendant contends that plaintiffs failed to pursue remedies which were available *prior to* the bankruptcy. Our interpretation of the guarantee agreements is that plaintiffs had no duty under those agreements to proceed against Big "C" at any specific time. That there might have been remedies available to the plaintiffs which were cut off by Big "C"'s bankruptcy is irrelevant. Plaintiffs have pursued their remedies against Big "C" and are now entitled to payment of the balance of Big "C"'s indebtedness from defendant.

The only question raised by defendant's affidavit was whether remedies had been pursued. Accordingly, the trial court correctly concluded that no genuine issue of material fact existed.

Defendant next contends the trial court erred in denying his motions for reconsideration of the orders granting summary judgment.[1] Defendant's motions to reconsider were, in effect, motions to reopen the hearing so he could present a second affidavit controverting issues on which defendant had previously been silent.

■■ The reopening of a summary judgment hearing is analogous to reopening a case after trial to allow a party to present new evidence or testimony, a matter addressed to the sound discretion of the trial court which will not be disturbed absent manifest abuse. *Kulm v. Coast-to-Coast Stores,* 248 Or 436, 443, 432 P2d 1006 (1967); *Arbogast et al v. Pilot Rock Lbr. Co.,* 215 Or 579, 595, 336 P2d 329, 72 ALR2d 712 (1959). We find no abuse of discretion here.

---

[1] At the time of the summary judgment hearing, the only issue contested by defendant was whether plaintiffs had pursued all their remedies. The trial court entered an order granting summary judgments. Defendant moved for reconsideration. His motion was denied because the trial court believed it lacked jurisdiction to hear the motion. Defendant appealed to this court. Plaintiff's motion to dismiss the appeal was allowed. Defendant filed an answer to the motion to dismiss, which was treated by this court as a motion to reinstate and was denied. Defendant petitioned the Supreme Court for review, but then moved to dismiss his appeal and petition for review. The Supreme Court dismissed defendant's appeal for the reason that final orders had never been entered in the trial court pursuant to ORS 18.125. *See Miller v. Grants Pass Irrigation,* 290 Or 487, 622 P2d 629 (1981); *Kuvaas v. Cutrell,* 50 Or App 529, 623 P2d 1116 (1981). The cases were remanded to the trial court. Defendant's motion for reconsideration of the orders granting summary judgment was denied on the merits. Judgments were then entered. Defendant now appeals from these judgments.

Finally, defendant contends the trial court should not have allowed summary judgments while third-party actions were pending.

ORCP 47G provides:

"In any action involving multiple parties or multiple claims, a summary judgment which is not entered in compliance with ORS 18.125 shall not constitute a final judgment."

ORS 18.125(1) states:

"When * * * third-party actions or suits * * * are involved, the court may direct the entry of a final judgment or decree as to one or more but fewer than all of the causes of suit or action or parties only upon *an express determination that there is no just reason for delay* * * *." (Emphasis added.)

Here the trial court made an express determination there was no just reason for delay before entering final orders allowing summary judgments.[2]

Defendant claims that the trial court abused its discretion because it did not articulate the reasons for its determination there was no just reason for delay. He argues that the trial court should have made special findings showing it had considered factors such as: the relationship between the adjudicated and unadjudicated claims; the possibility that the need for review might be mooted by further proceedings; the possibility that the reviewing court might be obliged to consider the same issue a second time; the presence or absence of a claim or counterclaim which could result in a setoff against judgment; and other factors.

Defendant cites no authority requiring the trial judge to articulate the basis for his conclusion that there is no just reason for delay in a particular case and we have found none. ORCP 62, *see also* former ORS 17.431, requires a court to make special findings of fact stating separately

---

[2] The considerations which result in a summary judgment are not the same considerations relevant to certification under ORS 18.125(1). Under the summary judgment procedure, the essential inquiry is whether there is a genuine issue as to any material fact. ORCP 47C. Under ORS 18.125(1) the essential inquiry is whether, after balancing the competing interests, final judgment would advance the interests of sound judicial administration and public policy.

its conclusions of law whenever any party so demands prior to trial. In the absence of such a demand, however, the court may make either general or special findings. Here the defendant made no pre-trial demand for special findings.

■      We suggest that the better practice is for trial judges entering final orders pursuant to ORS 18.125(1) to include a brief reasoned statement in support of their finding that "there is no just reason for delay." By clearly articulating the reasons and factors underlying its decision to grant a final judgment or decree as to one or more but fewer than all of the causes of suit or action or parties the trial courts will materially aid this court in discharging its appellate responsibility.[3]

■      In the cases before us for review the trial court in its final orders allowing summary judgment did not articulate specifically the reasons why the court found there was no just reason for delay. Our review of the record, however, discloses several reasons supporting its conclusion:   (1) Plaintiffs were not involved in the dispute between defendant and the third-party defendant, Hays; (2) there was no possibility that the need for review would be mooted by future developments in the trial court; (3) defendant admitted the plaintiffs' claims are different from those between himself and third-party defendant Hays; and (4) defendant pleaded no claim, counter-claim or set-off against plaintiffs. In sum, the record is conclusive that the plaintiffs have demonstrated their right to summary judgment and immediate satisfaction of the debts owed them by defendant. The trial judge left no doubt he agreed with the plaintiffs when he stated:

---

[3] ORS 18.125(1), enacted by the 1977 Oregon Legislature, is modeled after Fed. R. Civ. P. 54(b). Finding no Oregon cases directly on point, we look to recent federal cases for guidance. In essence, these cases hold that it is important for appellate courts to have some concrete basis for distinguishing between well-reasoned conclusions arrived at after a comprehensive consideration of all relevant factors, and mere boiler-plate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law. This practice will convey to the litigants the reasons for a court's decision and will afford appellate courts a meaningful basis for review. *Bank of Lincolnwood v. Federal Leasing, Inc.,* 622 F2d 944, 948 (7th Cir 1980); *Arlinghaus v. Ritenour,* 543 F2d 461, 464 (2d Cir 1976); *Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F2d 360, 364, 32 ALR Fed 751 (3d Cir 1975); *Gumer v. Shearson, Hammill & Co., Inc.,* 516 F2d 283, 286 (2d Cir 1974).

"It [sic] was absolutely no doubt in this Court's mind when the Summary Judgment was granted that this was the case, exactly the case, the type of case that the Legislature was thinking about when they wrote ORS 18.105."

A remand to the circuit court now for a formal statement when its reasons are apparent on the record would serve no purpose other than further to delay these proceedings.

Affirmed.