Argued and submitted December 17, 1980,
appeal dismissed June 15, 1981

HILL et ux,
*Appellants,*
*v.*
OLAND et ux,
*Respondents.*

(No. 78-0088, CA 16990)

629 P2d 867

Richard D. Curtis, Eugene, argued the cause for appellants. With him on the brief was Curtis, Hendershott & Strickland, Eugene.

James B. Ehrlich, Eugene, argued the cause for respondents. With him on the brief was Larry O. Gildea, P.C., Eugene.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

This appeal by plaintiffs is from the trial court's decree denying their prayer for specific performance of an alleged contract between themselves, as buyers, and defendants, as sellers, of real property. In the first cause of suit plaintiffs alleged that the contract was actually entered into by defendant Mr. Oland, only, on behalf of both defendants. This cause was severed and was tried separately. Plaintiffs' other two causes of action are still pending. Plaintiffs' second cause of action is for damages for trespass to land and removal of timber. Plaintiffs' third cause of action is for compensatory and punitive damages for deceit.

The trial court directed that the decree be entered as a final decree pursuant to ORS 18.125.[1] The trial court failed to state reasons supporting its determination that there was no just reason for delay in the entry of the decree.

In *Portland Elec. and Plumb. v. Cooke,* 51 Or App 555, 561, 626 P2d 397 (1981), the trial court made an express determination that there was no just reason for delay but did not articulate reasons for that determination. We concluded that the trial court's reasons were apparent on the record. *Portland Elec.* involved a third-party action. The plaintiffs were not involved in the dispute between the defendant and the third-party defendant; there was no possibility that the review would be mooted by further developments in the defendant's and third-party defendant's dispute; the defendant admitted that the third-party dispute was different from plaintiffs' and defendant's dispute; and defendant pled no claim, counterclaim or setoff

---

[1] ORS 18.125(1) provides:

"(1) When more than one demand for relief is presented in a suit or action, whether as multiple causes of suit or action, counterclaims, cross-claims, or third-party actions or suits, or when multiple parties are involved, the court may direct the entry of a final judgment or decree as to one or more but fewer than all of the causes of suit or action or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment or decree. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the causes of suit or action or the rights and liabilities of fewer than all the parties shall not terminate the proceeding as to any of the causes of suit or action or parties; and the order or other form of decision is subject to revision at any time before the entry of judgment or decree adjudicating all the causes of suit or action and the rights and liabilities of all the parties."

against plaintiffs. In light of this record we declined to remand because remand would serve no purpose other than further delay.

■ ■ Although defendants have not raised the issue, if we are without jurisdiction to hear this appeal, we must dismiss it *sua sponte. Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 377, 591 P2d 352 (1979). We must determine whether the trial court properly determined "that there is no just reason for delay" and properly directed that the decree be entered as a final decree pursuant to ORS 18.125. Because no reasons were articulated by the trial court, we will dismiss the appeal, unless the reasons are discernible from the record, as they were in *Portland Elec.*

In *Arlinghaus v. Ritenour,* 543 F2d 461, 463 (2nd Cir. 1976), the court discussed Federal Rule of Civil Procedure 54(b),[2] upon which ORS 18.125 was modeled, saying: " * * * the required determination 'that there is no just reason for delay' ought not to be made as a matter of rote— even when, as here, there was no objection from the party who would be adversely affected or anyone else." The court raised the issue *sua sponte* and reasoned:

"The district court has an independent duty to avoid piecemeal appeals and protect parties' rights against prejudice resulting from premature appeal. We are confident that if the district judge had endeavored to put pen to paper, he would ineluctably have concluded that it would be an abuse of discretion to find that there was 'no just reason for delay' * * * ." *Arlinghaus v. Ritenour, supra* 543 F2d at 464.

On the basis of the pleadings in this case, as well as what can be gleaned from the record, we conclude that if the trial

---

[2] Federal Rule of Civil Procedure 54(b) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims, or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

court had put pen to paper the reasons for an early review would not have been apparent or easy to state.

■       Unlike *Portland Elec.,* each of the claims pled in this case arises from the dispute between the same parties over the same alleged contract. Although it is true that the availability of equitable relief in the form of specific performance will not likely be mooted by the determination of the other two causes of action, there is no more reason to separate the appeal of the equitable cause of suit where there are pending and related causes of action than there is reason to separate the appeal of a cause of action in a case where there are pending counterclaims or setoffs. *See Kuvaas v. Cutrell,* 50 Or App 529, 623 P2d 1116 (1981). Avoiding piecemeal appeals advances the interest of sound judicial administration and public policy.

      The trial court did not include any findings of fact in the decree. Since it refused to grant specific performance, it must have concluded that the remedy was not available against either defendant. To refuse equitable relief as to Mr. Oland, however, does not necessarily determine plaintiff's legal claims. The trial court indicated orally that it felt it lacked the power to give equitable relief:

> "Mrs. Oland was not a signer to the contract and was not bound by it under my finding and so there has never been a right to equitable relief on the part of the plaintiff against Mr. Oland as well as Mrs. Oland because the court could not order it. Couldn't order him to perform specifically, he didn't have the power to do so."

It is not clear from the trial court's refusal to allow equitable relief that the trial court was finding that Mr. Oland would not be liable to plaintiff in the legal actions. Also, the trial court's conclusion, expressed orally, that plaintiffs were not partners, as plaintiffs alleged they were in their first cause of suit, would not necessarily prevent plaintiffs from recovering on the remaining causes of action. The trial court appears to have recognized that determination of plaintiffs' equitable claim would not dispose of the entire controversy between the parties, because, on the parties stipulation, it ordered that upon entry of the decree plaintiffs' second and third causes of action would be set for trial before a jury.

      Appeal dismissed.