Argued and submitted April 27, reversed and remanded June 8, 1983

FELSKE,
*Appellant,*
*v.*
WORLAND,
*Respondent.*

(81-1671-J-2; A26033)

664 P2d 427

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Mark S. Wolfe, Medford, argued the cause for respondent. On the brief were Allan B. deSchweinitz and Frohnmayer, Deatherage, deSchweinitz & Pratt, Medford.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals from a summary judgment for defendant in this medical malpractice case. Plaintiff's amended complaint alleged that defendant, a physician practicing in Medford, performed surgery for a trapezium implant in plaintiff's right hand at Rogue Valley Memorial Hospital. She alleges that defendant was negligent, because he:

(1)   failed to warn plaintiff of the dangers of dislocation and infection attendant upon surgery of this type;

(2)   failed to discover the displacement of the implantation following surgery;

(3)   failed to x-ray following surgery to determine the position of the implanted device; and

(4)   allowed the site to heal while the implantation was displaced;

and that as a result she suffered a deformed right hand and loss of use of that hand. Defendant moved for summary judgment. ORCP 47. He attached to the motion his deposition and portions of plaintiff's deposition. Plaintiff did not submit any responding affidavits.

The trial court stated:

"The burden is on the moving party to prove there is no genuine issue of material fact; ORCP 47 C; *Richards v. Dahl,* 289 Or [747, 618 P2d 418] (1980).

"The defendant has submitted partial depositions of the defendant and the plaintiff. The defendant, in his deposition, denies he was negligent (deposition, page 22, lines 18-22 and page 25, line 4). The defendant is a medical expert and qualified to render such an opinion. The plaintiff, in her deposition, says she does not know what risks she was informed of by the doctor.

"Once the moving party has discharged its burden, the opposing party must submit sufficient evidence to raise an issue of fact; *Pelege v. Chrysler,* 278 Or 223, [563 P2d 701] (1977). The plaintiff may 'not rest upon the mere allegations' in her pleadings; ORCP 47 D. The plaintiff has failed to file any affidavits or depositions to rebut the defendant's assertion that he did nothing wrong. The plaintiff's deposition is insufficient since she is not a qualified expert.

"This Court does not wish to see the plaintiff lose her day in court if she, in fact, has evidence that the defendant was negligent. The Court will grant the plaintiff 30 days from the

date of this opinion to submit affidavits in accordance with ORCP 47 D, for the Court's consideration. Otherwise judgment for the defendant will be entered."

Plaintiff did not submit any counteraffidavits within the 30-day period but moved for an additional 40 days within which to file such affidavits. The court denied the motion for an extension of time and granted summary judgment for defendant, which plaintiff assigns as error.

The burden is on the party moving for summary judgment to establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. ORCP 47(C); *Richards v. Dahl,* 289 Or 747, 618 P2d 418 (1980); *Henderson v. Hercules, Inc.,* 57 Or App 791, 646 P2d 658 (1982). Defendant did not sustain that burden. In his deposition, defendant did not testify that his acts were consistent with the degree of care, skill and diligence which is used by ordinarily careful physicians in the same or similar circumstances in his or a similar community.[1] *Creasey v. Hogan,* 292 Or 154, 164, 166-67, 637 P2d 114 (1981); ORS 677.095. The court should not have found that there was no issue of material fact as to defendant's negligence.[2]

---

[1] The portions of defendant's deposition to which the trial judge referred read:

"Q [By Mr. Burt] Doctor, you see a statement there that you admitted that it was your fault that the hand was in that condition and that you had gone back to school. Did you make such a statement to her?

"A Of course not. [Deposition p 22, lines 18-22.]

" * * *

"Q And I asked you this earlier, but at no time following the surgery did you ever take an x-ray of this hand?

"A That is not my routine, nor is it of all hand surgeons." (Deposition p 25, lines 2-4.)

[2] Whether a material issue of fact exists as to the quality of care provided if an expert witness gives uncontradicted opinion testimony that the defendant physician's actions were consistent with the degree of care, skill and diligence used by ordinarily careful physicians in the same or similar circumstances in his or a similar community, is not before us. *See Uihlein v. Albertson's, Inc.,* 282 Or 631, 580 P2d 1014 (1978). In *Richards v. Dahl,* 289 Or 747, 618 P2d 418 (1980), Judge Lent in his concurring opinion stated that a trial court should be just as cautious in disposing of negligence cases by summary judgment without jury intervention as the court must be at the close of evidence in a jury trial. *See W. R. Chamberlin & Co. v. Northwestern Agencies,* 289 Or 201, 611 P2d 652 (1980).

It is not necessary to address plaintiff's assignment of error that the court erred in refusing to grant plaintiff's motion for a further extension of time in which to file counter-affidavits.

Reversed and remanded.