Argued and submitted October 20, 1982, appeal dismissed June 22, 1983

## REDMOND ELECTRIC CO.,
*Appellant,*
*v.*
## GONZALES,
*Respondent,*

(29860; CA A23953)

665 P2d 373

Bryan M. Johnston, Redmond, argued the cause for appellant. On the brief was Paul R. Unger, Redmond.

Carl W. Hopp, Jr., Bend, argued the cause for respondent. With him on the brief was Babb & Hopp, Bend.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff filed its action in two counts to foreclose a construction lien or in the alternative to recover the reasonable value of labor and materials furnished defendant. On defendant's motion, the trial court dismissed the construction lien claim, because the action was not commenced within the six-month period provided by ORS 87.055.[1]

In its judgment, the trial court included a finding pursuant to ORCP 67B[2] that "[t]here is no just reason for delay in entry of judgment with respect to this order and judgment may enter pursuant to ORCP 67B." It did not, however, articulate in its judgment or elsewhere any reasons supporting the conclusion, inherent in its finding, that the interests of judicial economy would be served by an interlocutory appeal from the dismissal of the lien claim while the *quantum meruit* claim arising from the same construction contract was held in abeyance.

In *Portland Elec. and Plumb. v. Cooke*, 51 Or App 555, 560, 626 P2d 397, *rev den* 291 Or 117 (1981), the trial court did not state its reasons supporting the entry of a final partial

---

[1] ORS 87.055 provides:

"No lien described in ORS 87.010 shall bind any improvement for a longer period than six months after the lien is filed unless suit is brought in a proper court within that time to enforce the lien, or if extended payment is provided and the terms thereof are stated in the recorded lien, then six months after the expiration of such extended payment, but no lien shall be continued in force for a longer time than two years from the time the claim for lien is filed under ORS 87.035 by any agreement to extend payment."

Plaintiff alleged in its amended complaint that its complaint was filed more than six months after the lien was filed, because defendant had agreed to a 30-day extension and that plaintiff relied on the extension. The trial court concluded the estoppel contention was not a valid excuse for the untimely commencement of the lien claim.

[2] ORCP 67B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

judgment. We reviewed the record and determined that the reasons were apparent. We suggested, however, that

> "* * * the better practice is for trial judges entering final orders pursuant to ORS 18.125(1) to include a brief reasoned statement in support of their finding that 'there is no just reason for delay.' By clearly articulating the reasons and factors underlying its decision to grant a final judgment or decree as to one or more but fewer than all of the causes of suit or action or parties the trial courts will materially aid this court in discharging its appellate responsibility." (Footnote omitted.)

In *Hill v. Oland,* 52 Or App 791, 629 P2d 867 (1981), we dismissed an appeal *sua sponte* when we could not ascertain from the record that there existed reasons why a final judgment was appropriate while additional claims remained pending between the same parties, even though we concluded that a decision on the pending claims would probably not moot plaintiffs' right to equitable relief. Although we phrased our *Hill* decision in terms of lack of jurisdiction to entertain the appeal, it is more accurate to say that we decline to decide piecemeal appeals, unless it appears that a decision on less than all the claims or as to fewer than all the parties will advance the interests of judicial economy and efficiency.

Here, the record consists of plaintiff's amended complaint, the motion to dismiss, the trial court's memorandum opinions and the judgment. The lien claim and the *quantum meruit* claim were between the same parties for the same damages and arose from the performance of the same work by plaintiff. Although recovery by plaintiff on the *quantum meruit* claim would not necessarily moot the claim based on the lien, it is not apparent to us why the trial court thought an appeal now on the lien question before all the issues between the parties had been tried would result in the efficient or economical administration of justice. *See Papen v. Karpow,* 56 Or App 673, 676, 643 P2d 375 (1982); *Portland Elec. & Plumb. v. Cooke, supra,* 51 Or App at 559 n 2.

If the lien claim is not barred, plaintiff will have to prove and defendant may dispute the reasonable value of the materials furnished and services rendered. If we should hold the lien claim is time barred, plaintiff may still recover a judgment for the same amount. In either event, a trial will be required on the merits of the claim. That should precede the

appeal of a purely legal ruling of the trial court which, if found to be erroneous on appeal after trial on the merits, may be corrected on remand or if found to be correct will end the litigation. The only difference between the two counts under which plaintiff proceeded was the efficiency of the remedy to which it may be entitled. If plaintiff should prevail on the lien, it will be entitled to foreclosure; if it prevails on *quantum meruit*, it will be required to execute on its judgment. We perceive no reason why the entire case should not have been tried before appellate review is sought, *see Hill v. Oland, supra,* 52 Or App at 795, and conclude that, had the trial court attempted to articulate reasons why early review would advance judicial economy, it could not have done so.

Appeal dismissed.