Argued and submitted October 20, 1982, appeal dismissed July 6, 1983

# PARR LUMBER COMPANY,
## *Appellant,*

*v.*

# GUEST et al,
## *Respondents,*

## (A7912-05821; CA A22929)

665 P2d 1270

James K. Belknap, Portland, argued the cause and filed the brief for appellant.

Lee C. Nusich, Portland, argued the cause for respondents Aho. With him on the brief were Stewart M. Whipple, and Whipple, Johansen & McClain, Portland.

Timothy J. Vanagas, Gresham, waived appearance for respondents Guest.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff appeals from an order granting defendants' motion for summary judgment and dismissing plaintiff's suit for foreclosure of a construction lien. We dismiss the appeal, because the order was not a final judgment under ORCP 67B and, therefore, is not appealable under ORS 19.010.

Plaintiff brought suit to foreclose a construction lien against Erik and Maureen Guest, David and Janice Aho and Kenwood Construction Company (Kenwood). Kenwood had contracted to build a house for the Ahos on land they had contracted to purchase from the Guests. Plaintiff alleged that Kenwood owed it over $12,000 for materials it had supplied for construction of the house. The Ahos cross-claimed against Kenwood, alleging that it was primarily liable to plaintiff for the materials and that it was liable to the Ahos for damages for breach of the contract to construct the house.

Plaintiff moved for an order of default against Kenwood, because it failed to appear in the suit. The court entered an order stating that Kenwood "is in default in this proceeding and judgment may be taken against it as prayed for in plaintiff's complaint." No judgment was ever entered against Kenwood.

Plaintiff and all defendants except Kenwood moved for summary judgment on the issue of whether plaintiff's lien was valid. The court denied plaintiff's motion, granted defendants' motion and dismissed plaintiff's suit. The judgment order did not address plaintiff's suit against Kenwood or the Ahos' cross-claims. Plaintiff appealed from that judgment order.

ORCP 67B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or

"parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The judgment is not a "final judgment," because it failed to dispose of plaintiff's claim against Kenwood and the Ahos' cross-claim for breach of contract and the court did not enter a final judgment pursuant to ORCP 67B. Consequently, the judgment is not appealable. ORS 19.010(2)(c); *Kuvaas v. Cutrell,* 50 Or App 529, 623 P2d 1116 (1981).

Appeal dismissed.