Argued and submitted July 25, appeal dismissed September 28, reconsideration denied November 10, petition for review allowed December 6, 1983 (296 Or 138)
See 297 Or 525, 686 P2d 1015 (1984)

MAY,
*Appellant,*

*v.*

JOSEPHINE MEMORIAL HOSPITAL,
INC. et al,
*Defendants,*
JUDY et al,
*Respondents.*

(80-1585-L; CA A26292)

669 P2d 824

Patrick Ford and Robert L. Cowling, Medford, argued the cause for appellant. With them on the briefs were Patrick Ford, P.C., and Cowling & Heysell, Medford.

Thomas Howser, Ashland, argued the cause for respondents William Judy and Jon Gove. Peter R. Chamberlain, Portland, argued the cause for respondents Kermit

Ragain and Robin Ballantyne. With them on the brief were Judith H. Uherbelau, and Cottle & Howser, Ashland, and Bodyfelt, Mount, Stroup & Chamberlain, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

■ This is a medical malpractice action in which there are nine named defendants. The trial court granted motions for summary judgment in favor of four of them. That ruling did not determine the claim as to all of the parties, but the court entered a "judgment order" reciting that "there is no just reason for delay of entry of judgment" and directing that final judgment be entered in favor of the defendants whose motions had been granted. ORCP 67B; ORS 19.010(2)(e).[1] The order did not state the court's reasons for concluding that there was no just reason for delaying entry of final judgment until the action was finally adjudicated as to all parties. Plaintiff appeals from the order.[2] We decide on our own motion that the appeal must be dismissed.

■ We held in *Portland Elec. & Plumb. v. Cooke,* 51 Or App 555, 626 P2d 397, *rev den* 291 Or 117 (1981), that trial courts must articulate their reasons for finding that there is no just reason for delay when they direct otherwise interlocutory orders to be entered as final judgments. We have reiterated that rule in *at least* four later cases decided by written opinions.[3] We also held in *Cooke* and the later cases that a trial

---

[1] ORCP 67B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

An order certified as a final judgment pursuant to ORCP 67B is appealable under ORS 19.010(2)(e).

[2] Plaintiff also appeals from the trial court's order denying his "motion for reconsideration." That order is dated November 3, 1982. Plaintiff filed his notice of appeal from the judgment on October 28, 1982. Even assuming that it was a proper motion, the trial court had no jurisdiction to rule on the motion for reconsideration. ORS 19.033(1).

[3] *Hill v. Oland,* 52 Or App 791, 629 P2d 867 (1981); *Shaughnessy v. Spray,* 55 Or App 42, 637 P2d 182 (1981), *rev den* 292 Or 589 (1982); *Papen v. Karpow,* 56 Or App 673, 643 P2d 375 (1982); *Redmond Electric v. Gonzales,* 63 Or App 606, 665 P2d 373 (1983).

court's failure to state its reasons will not prevent us from reaching the merits of an appeal from an order certified as final *if* the reasons for early finality and review are "apparent on the record." Consequently, in *Cooke* and some of our other opinions, we considered at length whether the trial court's unexpressed reasons were "apparent"; more accurately, some of those opinions amounted to independent evaluations by this court of whether interlocutory appealability was appropriate under the circumstances.

Because ORCP 67B is aimed at promoting judicial economy, among other things, the extensive analysis we undertook in *Cooke* and other cases may have been appropriate as long as there were pending appeals from judgments entered pursuant to the rule before we decided *Cooke*.[4] That approach is no longer justifiable. It is not judicially efficient for this court to conduct detailed review solely to determine why a trial judge concluded, without the explanation called for in *Cooke,* that an interlocutory order should be reviewable by us at all. In the future, we will apply the *Cooke* "apparent on the record" exception with a very literal understanding of the word "apparent."

In the present case, there is nothing apparent about why the entry of judgment for four defendants should not await a final adjudication as to all parties and issues. The complaint alleges that the four defendants in whose favor the interlocutory judgment runs acted as agents and employes of Josephine Memorial Hospital, a defendant as to which that judgment does not decide the case. We do not find it obvious why the case should be appealable.

We recognize that the rule in *Cooke* and the approach we adopt and follow here may appear to fall most harshly on the party who is least blameworthy. A party against whom an interlocutory final judgment is entered cannot speculate about whether to appeal now or later. Moreover, the prevailing party generally has more control over the form and substance of the order than the appealing party does. Here, for example, the "judgment order" appears on the pleading paper of the attorney for two of the prevailing defendants. However, in the

---

[4] The order appealed from in this case was entered approximately one and one-half years after our decision in *Cooke.*

last analysis, the rule in *Cooke* should benefit nonprevailing parties far more than it injures them. In addition to its judicial economy purpose, the rule is designed to reduce the burden of piecemeal appeals and prevent prejudice to parties from premature appeals. *Hill v. Oland,* 52 Or App 791, 794-95, 629 P2d 867 (1981). Moreover, a party against whom an interlocutory ruling is made certainly has the ability to remind the trial court that certifications of finality are subject to the *Cooke* requirement. The principal objective of our opinion here is to promote compliance with *Cooke* and with the purposes of ORCP 67B rather than to lay a foundation for dismissing future appeals from judgments which do not comply.

Appeal dismissed.