On respondents' motion to dismiss filed February 10,
appeal dismissed July 5, 1984

# BONNER,
*Appellant,*

*v.*

# KRAUSE et al,
*Respondents.*

## (A8210-06533; CA A30523)

684 P2d 10

Scott J. Meyer, Mitchell, Lang & Smith, Portland, for respondents.

Peter E. Baer, Gresham, for appellant.

Before Joseph, Chief Judge, and Warden and Young, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff commenced a civil action against Henry and Margaret Krause, Gordon Schlatter and six other persons. On November 21, 1983 the presiding judge signed an "Order of Dismissal with Prejudice of Plaintiff's Third Amended Complaint," which allowed Schlatter's motion to dismiss the complaint.[1] On November 28, 1983, a document entitled "Judgment" was entered. It reads:

> "Based on the order of the Honorable Charles S. Crookham, dismissing plaintiff's third-amended complaint with prejudice, without leave to amend, and there appearing no just reason for delay,
>
> "IT IS HEREBY ORDERED AND ADJUDGED that defendant Gordon Schlatter have judgment in his favor against plaintiff for its costs and disbursements incurred herein taxed at ____."

Plaintiff then filed a notice of appeal, the first paragraph of which reads: "Plaintiff hereby gives notice of appeal from the Order of Dismissal with Prejudice of Plaintiff's Third Amended Complaint entered in this case on November 28, 1983, by Judge Charles S. Crookham, in the Multnomah County Circuit Court." Attached to the notice of appeal is a copy of the order signed November 21.

Schlatter then moved to dismiss the appeal on the ground that appellant has not appealed from a final judgment in that (1) he appealed from an order rather than a judgment and (2) the purported judgment does not dispose of all claims against all parties. The order attached to the notice of appeal is not an appealable "judgment or decree" within the meaning of ORS 19.010(2)(a), because it does not "in effect determine the action or suit so as to prevent a judgment or decree therein." *See Cenci v. The Ellison Company,* 289 Or 603, 606, 617 P2d 254 (1980). With no other part of the record before us, we would dismiss the appeal on that ground alone.

However, the "order" and the "judgment," although signed on different days, were entered on the same day, and taken together they arguably constitute a final judgment as to defendant Schlatter. We understand appellant to argue that

---

[1] Although the order was signed on November 21, it contains an entry typed at the top: "Entered MULTNOMAH COUNTY CIRCUIT COURT Nov. 28, 1983."

they do. Even assuming that we may look at both documents as constituting a final judgment as to plaintiff's claim against Schlatter, that leaves the problem of the failure to dispose of the claims against the other parties. Appellant argues that the judgment qualifies for appeal under ORCP 67B,[2] because it contains it contains the language "there appearing no just reason for delay."

It is apparent that our efforts to implement the language of ORCP 67B in the appellate context[3] have not been entirely successful. We continue to be presented with attempted appeals from judgments which do not comply with the rule's requirements for finality.

In *Cooke* and the other cases cited in n 3, *supra,* we said that a trial court's failure to state the reasons for its "determination" under Rule 67B would not result in the dismissal of an appeal if those reasons are "apparent on the record." In some of those cases we undertook to some extent an independent evaluation to determine the appropriateness of an appeal. However, in *May v. Josephine Memorial Hospital,* 64 Or App 672, 669 P2d 824, *rev allowed* 296 Or 138 (1983), we expressly abandoned that independent approach, saying:

> "It is not judicially efficient for this court to conduct detailed reviews solely to determine why a trial judge concluded, without the explanation called for in *Cooke,* that an interlocutory order should be reviewable by us at all. In the future, we will apply the *Cooke* 'apparent on the record' exception with a very literal understanding of the word 'apparent.' " 64 Or App at 675.

---

[2] ORCP 67B provides:

"When more than one claim for relief is presented in an action, * * * the court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[3] *See Portland Elec. & Plumb. v. Cooke,* 51 Or App 555, 626 P2d 397, *rev den* 291 Or 117 (1981); *Hill v. Oland,* 52 Or App 791, 629 P2d 867 (1981); *Shaughnessy v. Spray,* 55 Or App 42, 637 P2d 182 (1981), *rev den* 292 Or 589 (1982); *Papen v. Karpow,* 56 Or App 673, 643 P2d 375 (1982); *Redmond Electric v. Gonzales,* 63 Or App 606, 665 P2d 373 (1983).

Apparently that statement was not sufficient or efficient.

█ █    We now hold that a bare recital of the ORCP 67B language (as in this case) is insufficient. A recital of that language combined with reasons given by the trial judge and stated in the judgment from which the appeal is taken will be sufficient, unless the reasons given are patently insufficient to warrant a conclusion that judicial economy and the interests of the party will be served by an interlocutory appeal. In this instance there are no reasons stated for the entry of the judgment, and the appeal must be dismissed.[4]

█    Although the parties have not directly presented the issue, we note that ORCP 67B requires not only that the trial judge determine "that no just cause for delay exists," but that he also "direct" entry of a judgment that disposes of less than all the claims. That element is also missing from the purported judgment in this case. Although it may be evident that the judge here did direct the entry of a judgment, the judgment itself is silent on that, and we advise that both aspects of the rule be complied with in the future.

    Appeal dismissed.[5]

---

[4] There may now be cases under submission in which the sufficiency of an ORCP 67B judgment was not raised before submission. Those cases will be determined under the *May* standard.

[5] *See also Mattila v. Hedrick,* 66 Or App 749, 675 P2d 189 (1984).