## MAY,
*Appellant,*

*v.*

## JOSEPHINE MEMORIAL HOSPITAL, INC. et al,
*Defendants,*
JUDY et al,
*Respondents.*

(80-1585-L; CA A26292)

690 P2d 1118

Robert L. Cowling, Medford, appeared for appellant. On the brief was H. Scott Plouse, and Cowling & Heysell, Medford.

Thomas C. Howser, Ashland, appeared for respondents William Judy and Jon Gove. On the brief were Judith H. Uherbelau, and Cottle & Howser, Ashland.

Peter R. Chamberlain, Portland, appeared for respondents Kermit Ragain and Robin Ballantyne. With him on the brief was Bodyfelt Mount Stroup & Chamberlain, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This appeal was remanded to us by the Supreme Court, *May v. Josephine Memorial Hospital,* 297 Or 525, 686 P2d 1015 (1984), which concluded that we erred in our earlier opinion by holding that there was no appealable order and by dismissing the appeal. 64 Or App 672, 669 P2d 824 (1983).

■■ Plaintiff was taken to Josephine Memorial Hospital after he was injured in a traffic accident. He brought this action against the hospital and eight physicians, alleging that their negligence contributed to his spinal cord injury. Defendants Judy, Gove, Ragain and Ballantyne[1] are radiologists, who plaintiff alleges were negligent in failing to diagnose his spinal fracture and in failing to take additional x-rays that would have revealed the fracture. Those defendants moved for summary judgment. In support of the motions, each defendant tendered an affidavit stating, *inter alia,* that he was familiar with the standard of care for radiologists in the community and that, in his opinion, his professional services for plaintiff met or exceeded that standard. Plaintiff offered no controverting expert evidence until the day of the hearing, when he tendered the affidavit of a radiologist who stated that an ordinarily skilled radiologist in the community would have made observations on the x-rays defendants reviewed that were suggestive of a fracture and would have called for further x-ray examinations. The trial judge refused to consider that affidavit, because it had not been filed within the time prescribed by ORCP 47C.[2] The trial court allowed defendants' motions for summary judgment and directed that final judgment be entered for defendants pursuant to ORCP 67B. Plaintiff appeals, and we reverse.

Plaintiff argues:

"* * * The affidavit of a defendant doctor averring that, in his personal opinion, he was not negligent, really adds nothing to the general denial contained in the answer. A defendant's affidavit averring he was, in his opinion, not negligent in an auto case or any other negligence case not turning upon expert testimony would avail him nothing. It should have the same effect in a medical malpractice case * * *."

---

[1] The term "defendants" in this opinion refers to those four defendants.

[2] Given the basis of our disposition, we do not reach plaintiff's argument that the trial court abused its discretion by not considering the affidavit.

We agree with plaintiff that the affidavits do not establish as a matter of law that defendants' professional performance satisfied the standard of care, and we therefore agree with the implication of plaintiff's argument that defendants did not establish the absence of all material questions of fact.

While this appeal was pending, we decided a virtually identical question in *Bank of Oregon v. Independent News,* 65 Or App 29, 670 P2d 616 (1983), *rev allowed* 296 Or 411 (1984). In that defamation action, the defendant publisher and journalists supported their motion for summary judgment with expert evidence that they had met the relevant standard of care for journalists. The plaintiff offered no expert evidence. The defendants argued on appeal that they were entitled to summary judgment, because (1) proof of the standard of care and its breach was necessary to the plaintiff's case, (2) expert evidence was a necessary part of that proof and (3) the plaintiff's failure to adduce such evidence after the defendant had done so meant that there was no question of fact as to whether the defendants had met the standard of care. We rejected that argument and said:

> "Assuming that, to establish liability in this case, plaintiffs must adduce expert evidence of defendants' breach of the applicable standard of care, it does not follow that defendants were entitled to summary judgment because plaintiffs did not produce evidence of that kind in opposing defendants' motion. The party moving for summary judgment has the burden of showing the absence of genuine material factual questions 'even as to those issues upon which the opposing party would have the trial burden.' *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). The court stated in *W. R. Chamberlin & Co. v. Northwestern Agencies,* 289 Or 201, 611 P2d 652 (1980):
>
> > " 'The question to be decided is whether the jury should have been bound to accept the expert's uncontradicted opinion. We hold that the jury may reject this conclusion because the weight of the opinion of an expert witness is a matter particularly within the province of the jury.' 289 Or at 207.
>
> "It follows 'that plaintiffs were not required to controvert defendants' expert evidence to resist the motion for summary judgment. The correctness of that uncontradicted evidence *is itself* a genuine issue of material fact, and the evidence therefore did not satisfy defendants' burden of establishing as

a matter of law that they were not negligent. *See Felske v. Worland,* 63 Or App 442, 445, n 2, 664 P2d 427 (1983)." 65 Or App at 50. (Footnote omitted; emphasis in original.)

The same reasoning is decisive here.

In their memorandum of supplemental authorities, defendants Ragain and Ballantyne state that, in *Felske v. Worland,* 63 Or App 442, 664 P2d 427 (1983):

"* * * [T]his Court pointed out that the only thing which disentitled the defendant-doctor to summary judgment was that his exculpatory deposition testimony was not couched in terms of whether or not his conduct was consistent with the standard of care. Here, defendants' motions are supported by their affidavits * * * which are couched in terms of the standard of care."

That understanding of *Felske* is incorrect. Although we held there that summary judgment was improperly allowed because no evidence was offered—through the defendant's testimony or otherwise—to show that his conduct was consistent with the relevant standard of care, we expressly left open the question "[w]hether a material issue of fact [would exist] as to the quality of care provided if an expert witness gives uncontradicted opinion testimony that the defendant physician's actions were consistent with" the standard of care. 63 Or App at 445, n 2.

Reversed and remanded.