Argued and submitted November 19, 1984, reversed and remanded January 23, Salem
Hospital's reconsideration and Radiation Therapy's reconsideration denied March 8,
petitions for review allowed April 2, 1985 (299 Or 31)
See 299 Or 238, 701 P2d 440 (1985)

# TIEDEMANN et vir,
## *Appellants,*

*v.*

# RADIATION THERAPY CONSULTANTS et al,
## *Respondents.*

### (135832; CA A31402)

693 P2d 1346

John C. Pinkstaff, Newberg, argued the cause for appellants. With him on the brief was Tyler Marshall, Portland.

Cynthia S. C. Shanahan, Portland, argued the cause for respondents Radiation Therapy Consultants, P.C., M. J. Thompson, M.D., K. L. Allen, M.D., and T. J. Williamson, M.D. With her on the brief were James P. Martin, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Keith J. Bauer, Salem, argued the cause for respondent Salem Hospital. With him on the brief were Billy M. Sime, and Parks & Bauer, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The plaintiffs in this medical malpractice action appeal from summary judgments for the defendant doctors, the professional corporation of which they are members and the hospital for which they were agents in connection with the injurious treatment. The doctors administered radiation treatments to plaintiff Deanna Tiedemann. Plaintiffs allege that the treatments were negligently performed and that the doctors failed to apprise the patient of material risks entailed in the procedure.

The doctors moved for summary judgment on the basis of an affidavit of one of them, defendant M. J. Thompson. The affidavit states:

"1. I am a regularly licensed and practicing physician engaged in performing radiotherapy and I am a member of Radiation Therapy Consultants, P.C. I have personal knowledge of all matters contained herein.

"2. The treatment rendered by the individuals comprising the Radiation Therapy Consultants, P.C., including the description of the treatment and its possible effects, the testing performed prior to therapy and the irradiation therapy, was consistent with the degree of care, skill and diligence which is used by ordinarily careful physicians performing the specialty of radiotherapy in a same of [sic] similar circumstance in the state of Oregon. In my expert opinion, the treatment of Mrs. Tiedemann was not negligent."

Plaintiffs offered no controverting expert evidence and, at the summary judgment hearing, plaintiffs' counsel stated that they had not engaged an expert as of that time.

The trial court granted summary judgment in favor of the doctors and the professional corporation on both the negligence and the informed consent issues. The court later granted summary judgment for the hospital, apparently on the ground that it could not be vicariously liable if its agents were not liable. Plaintiffs appeal and contend, *inter alia,* that Thompson's affidavit consisted solely of opinion evidence and that they were not required to controvert it to resist the summary judgment motions.

■ While this appeal was pending, we held in *May v. Josephine Memorial Hospital,* 70 Or App 620, 690 P2d 1118

(1984), that expert opinion evidence cannot be sufficient in itself to support a summary judgment on the issue of whether a defendant in a malpractice case has satisfied the applicable standard of care. In its response to plaintiffs' citation of *May* as an additional authority, the defendant hospital argues that *May* was wrongly decided. We adhere to it and hold that Thompson's affidavit was insufficient to establish as a matter of law that she and the other doctors met the standard of care.[1]

The hospital also argues that here, unlike in *May,* plaintiffs acknowledged that they did not have an expert witness at the time the summary judgment motion was considered. ORCP 47E provides:

> "Motions under this rule are not designed to be used as discovery devices to obtain the names of potential expert witnesses or to obtain their facts or opinions. If a party, in opposing a motion for summary judgment, is required to provide the opinion of an expert to establish a genuine issue of material fact, an affidavit of the party's attorney stating that an unnamed qualified expert has been retained who is available and willing to testify to admissible facts or opinions creating a question of fact, will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion. The affidavit shall be made in good faith based on admissible facts or opinions obtained from a qualified expert who has actually been retained by the attorney who is available and willing to testify and who has actually rendered an opinion or provided facts which, if revealed by affidavit, would be a sufficient basis for denying the motion for summary judgment."

ORCP 47E does not apply to *all* cases in which expert opinion evidence may be required at trial. By its terms, the rule applies only "if a party * * * is required to provide the opinion of an expert to establish a genuine issue of material fact." The rule *might* apply, for example, in a products liability

---

[1] We also note that Thompson's affidavit is not nearly detailed enough even to be given weight as expert evidence on the informed consent issue. *See Getchell v. Mansfield,* 260 Or 174, 489 P2d 953 (1971).

Assuming that a defendant in a professional malpractice case is competent to give expert opinion testimony as to whether he or she was negligent, we question whether Thompson's testimony at a trial would be entitled to weight on the negligence issue if she said no more than her affidavit does. The affidavit is, in substance, the functional equivalent of a general denial embellished by a notary's seal and accompanied by a representation of expertise.

action if the plaintiff alleges a design defect and the manufacturer supports its motion for summary judgment with an affidavit attesting that no alternative design is feasible. *See Wood v. Ford Motor Co.,* 71 Or App 87, 691 P2d 495 (1984). The plaintiff might intend ultimately to introduce expert evidence that alternative designs are feasible and might wish to insulate the identity and opinion of the expert until trial by filing an affidavit pursuant to ORCP 47E. The rule has no relevance here because, as we held in *May* and hold again here, whether the doctors satisfied the applicable standard of care is a genuine issue of material fact, and controverting expert opinion evidence from the plaintiffs in the summary judgment proceedings was not required to make it one. ORCP 47E is designed to prevent the use of summary judgment motions as an indirect device for discovering the identity and opinion of an opposing party's expert; the rule is not intended to and does not define or expand the circumstances under which an expert's opinion is necessary to show that a question of fact exists.

The hospital argues:

"* * * If taken to its logical conclusion, the reasoning in *Bank of Oregon [v. Independent News,* 65 Or App 29, 670 P2d 616 (1983), *aff'd* 298 Or 434, 693 P2d 35 (1985), on which *May* relies,[2]] would eliminate the summary judgment procedure because any affidavit submitted in support of the motion for summary judgment will be deemed to present issues of *credibility* which preclude summary judgment. This result would be reached even though the matters set forth in the supporting affidavit are unambiguous and are not contradicted by any counter-affidavit or any other evidence. Such a result may be achieved only by ignoring the well recognized rule that matters set forth in an unopposed affidavit are taken as true and established facts in a summary judgment proceeding." (Emphasis supplied.)

That argument misses the point. The *credibility* of an affiant's *statement of a fact* is not the issue. The question is whether an expert's *opinion* can *conclusively establish a fact,* and that question was answered in *May* and in the cases it cites.

_____

[2] The Supreme Court's decision in *Bank of Oregon v. Independent News, supra,* was issued while this appeal was pending. It appears to affirm the analyses in our opinion in that case that we relied on in *May. See* 298 Or at 446.

■ The trial court erred by allowing the doctors' and the corporation's motion for summary judgment. It follows that the hospital may be vicariously liable, and the summary judgment in its favor was also erroneously granted.

Reversed and remanded.