Argued and submitted February 24 and March 16, order in case no. A44737 vacated,
case no. A43625 reversed and case no. A44396 affirmed September 7, 1988

# EDMUND EVANS,
*Petitioner,*

*v.*

# OREGON STATE PENITENTIARY,
*Respondent.*

(02-87-116, 05-87-007, 02-87-116-A;
CA A43625 (Control), A44396, A44737)
(Cases Consolidated for Opinion)

760 P2d 894

Stephen H. Gorham, Salem, argued the cause and filed the briefs for petitioner.

Scott McAlister and David Kramer, Assistant Attorneys General, Salem, argued the cause for respondent. With them on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

WARDEN, P. J.

## WARDEN, P. J.

In these consolidated cases,[1] petitioner, an inmate at Oregon State Penitentiary (OSP), seeks review of final orders in disciplinary proceedings.

We address cases A43625 and A44737 together, because they concern the same alleged conduct. As a result of his alleged participation in an assault on another inmate on January 30, 1987, petitioner was charged with violating three rules of prohibited conduct contained in OAR 291-105-015, including Rule 4, assault. Hearings were held on February 4 and 17, 1987, after which the hearings officer found that petitioner had violated "the lesser included charge of Rule 13 - Conspiracy (to violate Rule 4i - Assault - inmate)." The disciplinary committee recommended approval of that finding and dismissal of the other charges. The superintendent approved those recommendations on March 3, and petitioner timely sought judicial review. That is case no. A43625.

■   OSP moves that we dismiss case no. A43625 as moot, because a new order, in case no. A44737, was entered after a hearing was convened on May 13, 1987, to consider the same alleged conduct.[2] At that time, however, we had jurisdiction over the case by virtue of petitioner's petition for review. ORS 421.195. The records in these cases do not indicate that the superintendent's order of March 3 was withdrawn for reconsideration either before or after we had obtained jurisdiction. ORAP 5.35(1)(b). It follows, therefore, that there was no authority to reconvene the hearing and issue a new order. *But see* ORS 183.482(6);[3] *Murray Well-Drilling v. Deisch,* 75 Or

---

[1] We have ordered the cases consolidated for opinion on our own motion.

[2] The only apparent reason for convening the hearing is contained in the order in case no. A44737:

"Disciplinary hearing convened on May 13, 1987. (Per direction of legal counsel, a rehearing on case number [A43625], which was concluded February 17, 1987, was held in compliance with a Federal Court hearing)."

At the May 13 hearing, petitioner was expressly charged with violating Rule 13, for conspiring to assault the inmate, in addition to the other express charges considered in the earlier hearing. After the May 13 hearing, the superintendent approved the order finding that petitioner had violated Rule 13 and dismissing the other charges.

[3] ORS 183.315(5) provides that particular sections of the Administrative Procedures Act, including ORS 183.482, "do not apply to orders issued to persons who have been committed pursuant to ORS 137.124 to the custody of the Department of Corrections." Petitioner is such a person.

App 1, 9-11, 704 P2d 1159 (1985), *rev den* 300 Or 546 (1986).[4] We accordingly vacate the order in case no. A44737 and deny the motion to dismiss case no. A43625.

■    We now address the merits of case no. A43625. Petitioner contends that the superintendent erred in approving the order, because conspiracy to commit an assault is not a lesser included offense of assault. Petitioner is correct, and OSP does not contend otherwise. We therefore reverse the superintendent's order.[5]

■    In case no. A44396, petitioner was found to have violated OAR 291-105-015, Rule 9, by using abusive language to another person. He contends that the hearings officer was personally biased against him. To prevail, he must demonstrate the truth of his claim. *See Davidson v. Oregon Government Ethics Commission,* 300 Or 415, 429, 712 P2d 87 (1985). On this record, he has not.[6]

The other assignment of error has no merit and requires no discussion.

---

[4] Our holding is limited to disciplinary cases.

[5] We need not consider petitioner's other assignment of error in that case.

[6] At the hearing, this colloquy occurred:

"[HEARINGS OFFICER]: Today is April 29, 1987. This will be a formal hearing under disciplinary case number 05-87-007 concerning Edmund Evans. State your name and number for the record, please.

"EVANS: My name is Edmund Evans, and you've been named the defendant in my case, and that I have filed, and I don't want you to hear my case.

"[HEARINGS OFFICER]: I beg your pardon.

"EVANS: I don't want you to hear my case, is there somebody else available to hear my case?

"[HEARINGS OFFICER]: No, Mr. Evans.

"EVANS: (Unintelligible) 'cause I'm splittin' man.

"[HEARINGS OFFICER]: I beg your pardon?

"EVANS: I'm splittin'.

"[HEARINGS OFFICER]: All right. The record reflects that Mr. Evans did enter the Hearing Room and opted to leave. The Hearings Officer will therefore consider the information as submitted."

The record contains no other evidence that could bear on the hearing officer's alleged bias or prejudice against petitioner. Petitioner's voluntary absence from the hearing does not violate OAR 291-105-056(4)(a)(B), which provides only that an inmate "is entitled" to be present at the hearing.

Order in case no. A44737 vacated; case no. A43625 reversed; case no. A44396 affirmed.