On petitioner's objection to respondent's revised order on reconsideration filed July 30, objection sustained; order on reconsideration vacated; judicial review to proceed on May 21 order as decided December 16, 1992

JAMES SCOTT,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
CORRECTIONS DEPARTMENT,
*Respondent.*

(03-92-046; CA A75421)

843 P2d 512

James Scott, Salem, *pro se.*

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Riggs, Judge.

JOSEPH, C. J.

**JOSEPH, C. J.**

On June 17, 1992, petitioner filed a petition for judicial review of a disciplinary order issued on May 21, 1992. On July 17, 1992, while judicial review was pending and without withdrawing the May 21 order, respondent reopened the hearing; it issued an order on reconsideration on July 21, 1992. Petitioner timely filed an amended petition for judicial review from the order on reconsideration.

■    Petitioner has moved this court to vacate respondent's order on reconsideration and to allow judicial review to proceed on the original order, on the ground that respondent, while judicial review was pending, lacked authority to reopen the hearing and issue a new order without first withdrawing the original order. *See Evans v. OSP*, 93 Or App 18, 760 P2d 894 (1988).

■■    Although respondent argues that *Evans* was impliedly overruled when the court adopted ORAP 4.35(3), which replaced *former* ORAP 5.35, on which *Evans* relied, it is mistaken. ORAP 4.35(3) provides:

> "Regardless [of] whether an order first has been withdrawn for the purpose of reconsideration under subsections (1)(a) or (b), if an agency issues an order on reconsideration, the Attorney General shall file a copy of the order on reconsideration with the Administrator. The order shall be filed within 7 days after the agency issues the order on reconsideration."

That is the procedure that an agency must follow in the Court of Appeals when it issues an order on reconsideration while judicial review is pending from the original order. Its purpose is to keep the court informed of the agency's activities; it does not authorize an agency to issue a valid order on reconsideration without first withdrawing the original order. Because respondent did not do that, we vacate the order on reconsideration and allow judicial review to proceed on the May 21, 1992, order.

Objection sustained; order on reconsideration vacated; judicial review to proceed on the May 21, 1992, order.