Argued and submitted March 31, affirmed June 23, reconsideration denied September 22, petition for review denied December 7, 1993 (318 Or 170)

# ROY LEE HAMMOND,
## *Petitioner,*

*v.*

# BOARD OF PAROLE AND POST-PRISON SUPERVISION,
## *Respondent.*

## (CA A73987)

854 P2d 976

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Edmonds and Leeson, Judges.

EDMONDS, J.

## EDMONDS, J.

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (Board) issued on January 30, 1992. He argues that the Board erred in ordering his release on parole, pursuant to ORS 144.245(3),[1] two days before his good-time release date. He asserts that, because he was sentenced in 1979 and the statute was enacted in 1985, the application of the statute to him violates the *ex post facto* provision of Article I, section 21, of the Oregon Constitution. As a result, he contends that the Board's order is invalid and he has the right to be free from parole supervision. Because of our resolution of this case, we do not reach the merits of petitioner's argument, or his other assignment of error.

Petitioner was convicted of robbery in the second degree and rape in the first degree and sentenced to a 20-year term of imprisonment that began on December 14, 1979. On January 30, 1992, the Board issued an order changing petitioner's parole release date from April 8, 1992, to March 28, 1992. On February 18, 1992, the Board issued a new order changing petitioner's parole release date to March 25, 1992.[2] On March 3, 1992, petitioner requested administrative review of the January 30, 1992, order which the Board denied on March 5, 1992. The Board issued yet another order on March 6, 1992, changing petitioner's parole release date to March 22, 1992. Petitioner filed a petition for judicial review of the January 30, 1992, order on March 17, 1992, which is the order before us.[3]

Petitioner seeks review of an order that had been effectively superseded by the Board's subsequent order before he sought review. When the Board issued a new order,

---

[1] ORS 144.245(3) provides:

"In no case does a prisoner have a right to refuse an order granting the prisoner release upon parole."

[2] The Board's changes in petitioner's parole release date were based on changes in the good-time date. Each time petitioner's good-time date was changed, the Board would advance the parole release date to two days before the new good-time date. Petitioner does not argue that the Board lacked authority to advance his parole release date for this reason and we do not decide that issue. *But see* ORS 144.122; OAR 255-40-025.

[3] The February 18, 1992, and March 6, 1992, orders were not based on a reconsideration of the January 30, 1992, order but were based on new facts. *See Scott v. OSP*, 117 Or App 182, 843 P2d 512 (1992); ORAP 4.35.

petitioner was required to request administrative review of *that* order and then to seek review if he was still not satisfied with the Board's action. ORS 144.335. Because petitioner's petition for review is from an order that no longer has any effect, there is no relief that the court can give.

Affirmed.