Submitted on records and brief March 31, affirmed August 4, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## GLENNA MAE SCOTT,
*Appellant.*

(10-97-02976; CA A101091)

986 P2d 607

David C. Degner, Deputy Public Defender, filed the brief for appellant. With him on the brief was David E. Groom, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, filed the brief for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

On January 30, 1998, the trial court entered a judgment that: (1) convicted defendant of two counts each of theft in the first degree, ORS 164.055, aggravated theft in the first degree, ORS 164.057, and forgery in the first degree, ORS 165.013; (2) found her to be able-bodied "with the ability to secure and maintain employment"; (3) placed her on probation for 60 months including sanction units to be served in the Lane County Jail; and (4) ordered her to pay a money judgment that included an award of $68,823.89 in restitution within 55 months of the date of the judgment. One condition of probation required that defendant "[p]ay supervision fees, fines, restitution or other fees ordered by the Court." An order modifying the judgment was entered on February 23, 1998, that deleted the jail sentences and imposed a different jail sentence as well as community service. On February 27, 1998, defendant appealed from the January 30 judgment.

Thereafter, on October 2, 1998, the trial court entered a decision that found defendant in violation of her probation and provided, in part:

"It now appearing to the court that the defendant may successfully complete the term of probation subsequent to the hearing herein, it is

"ORDERED AND ADJUDGED that the probation heretofore ordered for defendant is not revoked and is continued upon the same terms and conditions, plus additional conditions:

"1) The defendant shall complete the originally ordered jail sentence on Count 1, with credit for time served, to be completed by November 30, 1998.

"2) The defendant shall complete the previously ordered community service work at the rate of not less than ten (10) hours per month, beginning December, 1998. Community service work to be completed by August 31, 1999.

"3) The defendant shall pay the outstanding financial obligation at a rate to be determined by her probation officer. *The defendant shall have the financial obligation paid in full prior to the expiration of probation, to the best of her ability.*" (Emphasis added.)

Defendant did not appeal from this decision.

On appeal from the January 30 judgment, defendant assigns error to the trial court's finding that defendant had the ability to pay $68,823.89 in restitution within the time required. However, resolution of that issue would have no practical effect, because the requirements for payment of the restitution that were included in the January 30 judgment have been superseded by the October 2 decision that extended the time period in which defendant pay the restitution and indicated that she pay the full obligation "to the best of her ability." Thus, the restitution order in the January 30 judgment is no longer in effect. *See Hammond v. Board of Parole*, 121 Or App 343, 854 P2d 976, *rev den* 318 Or 170 (1993) (holding that this court could not give relief because the petitioner's petition for review was from an order that no longer had any effect).

Affirmed.